BEATTY, Justice.
Petition for a writ of mandamus directed to the Honorable J. C. Norton, Judge of the Circuit Court of Hale County. The writ is denied.
On November 10, 1980, plaintiff, a resident of Hale County, filed suit in the Circuit Court of Hale County against The Birmingham Post Company, The Birmingham News Company, Angus McEachran and Katharine Biele, seeking damages for the publication of an allegedly libelous article in the September 27, 1980 edition of The Birmingham Post-Herald. Both news companies are domestic corporations having their principal place of business in Jefferson County. Both individual defendants are residents of Jefferson County. Defendants filed a motion for transfer of venue to Jefferson County. Thereafter, plaintiff amended his complaint to add James E. *96 O’Beirne, a resident of Hale County, as a party defendant. O’Beirne had been identified in an affidavit attached to the petition for change of venue as the distributor in Hale County of that issue of The Post-Herald containing the allegedly libelous matter. On August 3, 1981, the trial court granted defendants’ motion to transfer venue and plaintiff filed this petition for writ of mandamus.
The only question presented by this petition is the propriety of the trial court’s order transferring venue from Hale to Jefferson County. It is undisputed that the individual defendants are not residents of Hale County and have never done business therein. Jurisdiction over the individual defendants, therefore, is dependent upon whether venue properly lies in Hale County as concerns the corporate defendants. Petitioner is basing his entitlement to relief upon three grounds:
(1) The injury complained of occurred in Hale County, the county of plaintiff’s residence; thus, he says, Venue is proper under Code of 1975, § 6-3-7.
(2) The two corporate defendants do business by agent in Hale County and are, he says, amenable to suit therein under the provisions of Code of 1975, § 6-3-7.
(3) The addition of a Hale County resident as a party defendant after the filing of the complaint and the motion for transfer of venue, but prior to an order transferring venue, cures any otherwise improper venue. We cannot agree with any of these grounds.
I.
Code of 1975, § 6-3-7, provides that an action against a domestic corporation for personal injuries may be commenced in the county where the injury occurred. Petitioner claims that the injury to his reputation occurred in Hale County, the county in which he resides. In Age-Herald Publishing Company v. Huddleston, 207 Ala. 40, 92 So. 193 (1921), however, we held that “in an action for libel against a newspaper the injury — the breach of duty — occurs, within the meaning and application of the venue statute, at the place where the newspaper is primarily published, and not in other places where it is secondarily published, that is merely circulated.” Id. at 45, 92 So. at 198. Thus, although the libelous damage may accrue in separate counties, the injury happens in only one county, the county of original publication. The evidence in the present case reveals that The Post-Herald is printed and published in Jefferson County. The trial court did not err, therefore, in finding that, the injury occurred in that county alone.
II.
Petitioner argues that regardless of whether the injury occurred in Jefferson County, the action must be commenced in Hale County, the county of plaintiff’s residence, because the two domestic corporations do “business by agent” in Hale County. Code of 1975, § 6-3-7. The burden of proving agency rests with the plaintiff, the petitioner in the instant case. City Stores Co. v. Williams, 287 Ala. 385, 252 So.2d 45 (1971). Petitioner attempted to show that James E. O’Beirne, the distributor of The News and The Post-Herald in Hale County, is an agent of the two corporate defendants in that county. However, the trial court found after reviewing the affidavits and depositions submitted in this action that O’Beirne is an independent contractor, not an agent, servant or employee of the defendants.
When a party seeks review by writ of mandamus of an order transferring venue, we determine whether judgment or discretion of the lower court has been abused and exercised in an arbitrary and capricious manner. Ex parte Morrow, 259 Ala. 250, 66 So.2d 130 (1953). The question of agency is one of fact. Sherrill v. Frank-Morris Pontiac-Buick-GMC, Inc., Ala., 366 So.2d 251 (1978). We have reviewed the evidence in this case and find that it amply supports the trial court’s finding of fact. That court did not abuse its discretion in resolving the question of agency in favor of the defendants.
*97 There can be no agency relationship absent a right of control by the principal over his agent. Wood Chevrolet Co. v. Bank of the Southeast, Ala., 352 So.2d 1350 (1977). It is apparent from an examination of the “carrier bond and agreement” in this case that the corporate defendants exercise no right of control nor reserve such right over O’Beirne who buys newspapers from The Birmingham News wholesale and resells them retail, setting his own prices, method of distribution and manner of collection. The agreement states that O’Beirne is an independent contractor and does not restrict him in any way from distributing competing newspapers. Other than remitting the wholesale cost of the newspapers he buys and making any necessary complaints about the availability or changes in the number of newspapers he wishes to buy, O’Beirne has no contact or regular dealings with either news company.
Petitioner also alleges that the defendant corporations “do business” in Hale County through Archie Ford, a circulation or district manager for the news companies who collects accounts receivable from O’Beirne in Hale County, and on occasion has direct contact with customers within that district concerning complaints about delivery service. In addition, both companies hold privilege licenses and own vending machines in Hale County. The trial court did not err in finding that these minimal indicia of presence in Hale County are insufficient to establish that the corporations do “business by agent” in that county for purposes of venue. Petitioner did not meet the burden necessary to sustain the allegation of agency in Hale County.
III.
Petitioner’s final argument for relief is that even if venue in Hale County is not otherwise proper, the addition by amendment of O’Beime, a Hale County resident, as a party defendant cures any defect. Thus, if venue is proper in Hale County as to defendant O’Beirne, it is also proper as to the other defendants under the ancillary venue provisions of Rule 82, ARCP. We note, however, that O’Beirne was not added as a party defendant until after the filing of defendants’ motion for change of venue. Rule 82(d), ARCP, states that “[w]hen an action is filed laying venue in the wrong county, the court, on timely motion, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein.” (Emphasis added.) The Committee Comments provide that this applies “only where the original venue was not proper.”
The original venue in the present case was improper. The defendants are not subject to suit in Hale County because the injury did not occur there nor are defendants doing business by agent in that county. We held in Ex parte Maness, Ala., 386 So.2d 429 (1980), that a “transfer is not authorized under the rules unless venue was incorrect at the outset of the suit.” Id. at 430. It follows, then, that Rule 82(d) is just as clear in reverse. That is, if venue is not appropriate when suit is filed, the case “shall” be transferred. Petitioner’s attempt to cure the improper venue did not serve to defeat the trial court’s mandate to transfer the action pursuant to Rule 82(d) from Hale to Jefferson County.
The writ of mandamus is not granted unless there is a clear showing of error in the trial court to the injury of the petitioner. Ex parte Slade, Ala., 382 So.2d 1127 (1980). The petitioner’s right to relief must be clear and there must be no other adequate remedy. 'Id. Neither of these prerequisites appears here. Accordingly, the petition for writ of mandamus must be, and is, denied.
WRIT DENIED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.