This is a workmen's compensation case. Mr. Anderson Waldon, Jr., was injured in a work-related accident on 31 March 1980. At that time he was working for J.A. Lett Construction Company, Inc. (Lett). Waldon received workmen's compensation benefits for injuries to his left leg which resulted from this accident. Later, Waldon became aware of additional injuries which, he contends, were the result of the same incident. The compensation carrier for Lett, Hartford Insurance Group (Hartford), refused to pay additional benefits for this injury.
Rather than suing for workmen's compensation benefits under the Compensation Act, §§ 25-5-81 and 25-5-88, Code 1975, Waldon chose to bring a common law damage suit against Hartford and Lett, alleging that the employer negligently or intentionally refused to file a compensation claim with the carrier, and the carrier negligently or in bad faith refused to pay benefits. Hartford and Lett filed motions to dismiss which were granted by the trial court.
Two issues are presented for review: (1) Whether the employer, Lett, is immune from suit due to the exclusive remedy provisions of the Workmen's Compensation Act; and (2) Whether the employer's insurer, Hartford, is immune from suit brought by Waldon to recover for nonphysical injuries due to the exclusive remedy provisions of the Workmen's Compensation Act.
 I.
The exclusive remedy provision of the Workmen's Compensation Act applicable to Lett reads as follows:
 "No employee of any employer subject to this article, nor the personal representative, surviving spouse or next of kin of any such employee shall have any right to any other method, form or amount of compensation or damages for any injury or death occasioned by any accident proximately resulting from and while engaged in the actual performance of the duties of his employment and from a cause originating in such employment or determination thereof other than as provided in this article." (Emphasis added.) *Page 1273 
It is well established that this provision precludes workmen from bringing claims outside the Act when such claims arise from work-related injuries. In Wilkins v. West Point-Pepperell,Inc., 397 So.2d 115 (Ala. 1981), this court considered the very issue here presented, whether an employee may sue his employer outside the Act for nonphysical injuries suffered as a result of the employer's schemes to mislead him into foregoing benefits due under the Act. There, as here, the trial court granted the defendant's motion to dismiss on the ground that the plaintiff was limited to the recovery allowed by the Act. This court affirmed, stating:
 "We hold that the `exclusive remedy' sections of the Workmen's Compensation Act stand as an impenetrable barrier to the claims here sought to be asserted by the employee against his employer. §§ 25-5-52 and -53, and 25-5-3 and -4; see De Arman v. Ingalls Iron Works Co., Inc., 258 Ala. 205, 61 So.2d 764 (1952).
 "Counsel's argument, particularly with reference to Plaintiff's `nonphysical injuries,' is commendably ingenious and highly persuasive; but it is in the nature of a policy argument which is more properly addressed to the legislature. However inclined we may be to accept Plaintiff's contention, we have no authority, constitutionally, statutorily, or otherwise, to judicially engraft an exception into the immunity provisions applicable to the employer. Clark v. Chrysler Corp., 342 So.2d 902 (Ala. 1977); see, also, Adair v. Moretti-Harrah Marble Co., Inc., 381 So.2d 181 (Ala. 1980). By the explicit terms of the Workmen's Compensation Act, a compensable injury (and, in the case of pneumoconiosis, its aggravation) has its exclusive remedy against the employer under the act and not otherwise. Breimhorst v. Beckman, 227 Minn. 409, 35 N.W.2d 719 (1949). The trial court did not err in dismissing Plaintiff's claim against West Point-Pepperell."
397 So.2d at 117-118.
For the reasons stated in Pepperell, Lett's motion to dismiss was properly granted by the trial court.
 II.
Waldon contends he has the right to bring common law actions against Hartford Insurance Group for negligence and bad faith, in refusing to review his claim, despite the exclusivity provisions of the Workmen's Compensation Act. The exclusive remedy provision applicable to Hartford, § 25-5-53, Code 1975, provides:
 "The immunity from civil liability shall extend to any workman's compensation insurance carrier of such employer. . . ."
Waldon's argument is almost identical to that advanced and refuted in Wilkins v. West Point-Pepperell, supra.
It is well-settled that the exclusivity provisions of the Workmen's Compensation Act will not bar certain suits against workmen's compensation insurance carriers. In Fireman's FundAm. Ins. Co. v. Coleman, 394 So.2d 334 (Ala. 1981), an insurance carrier was denied the right to rely on the immunity provisions of the Act. That case is clearly distinguishable. InColeman, a compensation insurance carrier had made a negligent safety inspection, and suit was allowed outside the Act. The insurance company was making safety inspections for its own benefit in order to reduce claims, and in that capacity this court held it was not standing in the shoes of the employer.
On this subject, Professor Larson has stated that:
 "[A] distinction should be drawn between the carrier's function of payment for benefits and services . . . and any function it assumes in the way of direct or physical performance of services related to the act."
Larson, Workmen's Compensation Insurer as Suable Third Party, 69 Duke L.J. 117 (1969).
Drawing on that reasoning, in Beasley v. MacDonald EngineeringCo., 287 Ala. 189, 198, 249 So.2d 844, 853 (1971), we stated:
 "In its role of supplying of the financial responsibility required of the employer *Page 1274 
under the act, it is entitled to all of the rights of its insured under the act. . . ."
Under the facts of this case, where Waldon alleges an improper refusal to review a claim, Hartford clearly remains within the confines of the exclusivity provision of the Act. Waldon's dispute is with Hartford's failure "to supply the financial responsibility required" under the Act; its refusal to pay a claim. His common law claim is so interwoven with the compensation award under the provisions of the Act, that to allow an independent common law action would circumvent the statutory provisions and the policy behind the statute. For cases so holding, see: Gambrell v. Kansas City Chiefs FootballClub, 562 S.W.2d 163 (Mo.App. 1978); Chavez v. Kennecott CopperCorp., 547 F.2d 541 (10th Cir. 1977); Escobedo v. AmericanEmployers Insurance Co., 547 F.2d 544 (10th Cir. 1977);Sandoval v. Salt River Project, 117 Ariz. 209, 571 P.2d 706
(1977); Ragsdale v. Watson, 201 F. Supp. 495 (W.D.Ark. 1962); and Greenwait v. Goodyear Co., 164 Ohio St. 1, 128 N.E.2d 116
(1955). Therefore, Waldon has his exclusive remedy against Hartford under the Act. The trial court did not err in dismissing his claim against Hartford. Compare Beasley, supra, and Fireman's Fund, supra, where this court held carriers were "wearing a different hat" as safety investigators.
 III.
Last, Waldon contends that, should we hold his claims barred by the Act, the exclusivity provision will be rendered unconstitutional as violative of Ala. Const., Art. I, § 13. We disagree. The legislature has taken from employees, through the Workmen's Compensation Act, the right to bring certain common law actions against employers and their workmen's compensation insurance carriers. It is clear, however, there is a quid proquo. The employee has been given the right, where there is a dispute regarding recovery from the carrier, to sue and recover damages for injuries related to employment; this, without proof of the employer's negligent action in causing the injury. While he will, in many cases, recover less than might be secured in a comparable common-law action, such as a "bad faith" action for refusal to pay a claim, often, employees can recover under the Act where they could not otherwise have recovered. It is thus clear there is no violation of Section 13 under the guidelines set forth by this court in Lankford v. Sullivan, Long Hagerty, 416 So.2d 996, 1001 (Ala. 1982).
The motions to dismiss presented to the trial court by J.A. Lett Construction Company and Hartford Insurance Group were properly granted. The trial court's decision is due to be, and is hereby, affirmed.
AFFIRMED.
FAULKNER, ALMON and ADAMS, JJ., concur.
BEATTY, J., concurs in result.