Plaintiff appeals from the trial court's dismissal of her amended complaint. Plaintiff filed the complaint in the Circuit Court of Covington County, alleging that the conduct of the defendants, V.A. Shewbart (Shewbart), CNA Insurance Companies (CNA), Jr. Food Stores of West Florida, Inc., (Jr. Food), and other fictitious defendants, in failing to pay certain medical expenses she incurred arising from an on-the-job injury, was outrageous, in bad faith, done with a bad faith failure to determine the validity of her claim and was a tortious violation of duty. The trial court granted defendants' motion to dismiss the amended complaint.
On June 18, 1981, plaintiff, Gwenetta Garvin, was injured while working for Jr. Food. Mrs. Garvin subsequently received medical treatment, including two operations on her back. She duly reported the injury to her employer, Jr. Food, and the employer turned the matter over to its workmen's compensation carrier, CNA. Mr. Shewbart, an employee of CNA, handled Mrs. Garvin's claim. Initially CNA paid all the medical bills and provided a compensation award based on Mrs. Garvin's temporary total disability.
In 1982, CNA began to refuse to pay certain medical bills. Mrs. Garvin contacted Shewbart, who requested that she supply him with copies of the unpaid bills. She did so, but the bills still were not paid. Subsequent attempts to contact Shewbart were unsuccessful. During this period some medical expenses, including the bills for the second back operation, were paid, and she continued to receive compensation benefit checks for her disability. Upon notification from Mrs. Garvin's doctor that her condition had changed from temporary total to permanent partial disability, CNA stopped all benefit checks. Garvin filed a workmen's compensation action and this separate tort action on the theories alleged, in the face of the exclusivity provisions of the Alabama Workmen's Compensation Act (Act). This issue, exclusivity, was raised by the defendants in their briefs in support of the motion to dismiss, and was apparently the basis of the trial court's order granting dismissal.
The exclusive remedy provision of the Workmen's Compensation Act states:
 "No employee of any employer subject to this article, nor the personal representative, surviving spouse or next of kin of any such employee shall have any right to any other method, form or amount of compensation or damages for any injury or death occasioned by any accident proximately resulting from and while engaged in the actual performance of the duties of his employment and from a cause originating in such employment or determination thereof other than as provided in this article."
Code 1975, § 25-5-52. The immunity from civil liability also extends to the "workmen's *Page 82 
compensation insurance carrier of such employer and to any officer, director, agent, servant or employee of such carrier. . . ." Code 1975, § 25-5-53. This immunity from certain common law actions was granted by the legislature in return for the employee's right to recover for work-related injuries under the Act without proof that the employer was negligent. Waldon v.Hartford Insurance Group, 435 So.2d 1271 (Ala. 1983).
The statutory scheme is designed to provide certainty that those who are injured on the job are compensated, AlabamaBy-Products Co. v. Landgraff, 32 Ala. App. 343, 27 So.2d 209
(1946), by placing the financial burden on the employer. Fordv. Mitcham, 53 Ala. App. 102, 298 So.2d 34 (1974). The employer can shift this burden by contracting with a workmen's compensation insurance carrier (carrier). The Act also creates an expedited scheme of recovery in case of disputed claims. Code 1975, § 25-5-88.
In Waldon v. Hartford Insurance Group, 435 So.2d 1271 (Ala. 1983), we held that the employee's actions against the employer or carrier for negligence or bad faith in processing or paying claims were barred under the exclusivity provisions. We did so because, essentially, the claim was based on the failure of the employer or of the carrier on the employer's behalf to supply financial responsibility for the employee's physical injury.[1]
In such a situation the Act provides a remedy in that the employee can file a workmen's compensation action in circuit court. Code 1975, § 25-5-81. The Act contemplates that the circuit court will handle such an action in an expedited manner. Code 1975, § 25-5-88. Professor Larson points out another reason why we found that bad faith tort actions were barred by the exclusivity provisions:
 "[I]t seems clear that a compensation claimant cannot transform a simple delay in payments into an actionable tort by merely invoking the magic words `fraudulent, deceitful and intentional' or `intentional infliction of emotional distress' in his complaint. The temptation to shatter the exclusiveness principle by reaching for the tort weapon whenever there is a delay in payments or a termination of treatment is all too obvious, and awareness of this possibility has undoubtedly been one reason for the reluctance of courts to recognize this tort except in cases of egregious cruelty or venality."
2A A. Larson, Workmen's Compensation Law § 68.34 (d) (1982). We therefore hold that Mrs. Garvin's bad faith tort claims were properly dismissed.
Mrs. Garvin also asks this Court to create a legal duty of good faith and fair dealing between the employee and the employer and/or the carrier. In order to create the tort of bad faith, we necessarily recognized the existence of a legal duty on the part of an insurer to deal with the insured in good faith. The breach of that duty gives rise to a tort action for bad faith. The bad faith action in the workmen's compensation context, however, is barred under the exclusivity provision.
While we hold that plaintiff's bad faith and tortious violation of duty actions were properly dismissed, we are not persuaded that the tort action based upon outrageous conduct was also properly dismissed. Admittedly, this Court does not have the authority to judicially engraft exceptions into the immunity provisions applicable to the employer, Clark v.Chrysler Corp., 342 So.2d 902 (Ala. 1977), but neither should it expand the immunity into areas not covered *Page 83 
by the Act. We have already held that certain suits against carriers are not barred by the exclusivity provisions.Fireman's Fund Am. Ins. Co. v. Coleman, 394 So.2d 334 (Ala. 1980).
The tort of outrageous conduct or intentional infliction of emotional distress involves "extreme and outrageous conduct" by one who "intentionally or recklessly causes severe emotional distress to another." American Road Service Co. v. Inmon,394 So.2d 361, 365 (Ala. 1980). Under our decisions the burden on the plaintiff to make out a case of outrageous conduct is heavy. Plaintiff must show that the conduct is so outrageous in character and so extreme in degree so as to be regarded as atrocious and utterly intolerable in a civilized society. Catesv. Taylor, 428 So.2d 637 (Ala. 1983).
The Act is designed to compensate those who are injured on the job and provides immunity from common law suits for those employers and carriers who come within the Act. A suit seeking recovery under the tort of outrageous conduct does not seek compensation nor medical benefits for the original on-the-job injury. The connection with the physical injury that gave rise to the original workmen's compensation claim is tenuous. The conduct giving rise to the tort of outrageous conduct in the context of this kind of case can be more accurately characterized as mental assault than as failure to pay compensation or medical benefits even though it may arise in a failure to pay context. Conduct constituting the tort of outrageous conduct cannot reasonably be considered to be within the scope of the Act. When the employer or carrier's conduct crosses the line between mere failure to pay and intent to cause severe emotional distress, the cloak of immunity is removed.
For the foregoing reasons, we affirm the trial court's dismissal of the bad faith and tortious violation of duty counts. While we make no finding as to whether these defendants' conduct was sufficient to justify relief under a claim based upon the tort of outrageous conduct, we disagree with the trial court's conclusion that such a claim was barred under the exclusivity provisions, and, therefore, we reverse the order dismissing the count based on that claim and remand the case for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
[1] While the Court in Waldon did not make reference to Code 1975, § 25-5-59, that section provides for a 10% penalty where any installment of compensation is not paid without good cause within 30 days after it becomes due. Because of the wording in the definitional section, § 25-5-1 (1), it is questionable whether § 25-5-59 applies to delay in payment of medical expenses. See Read News Agency, Inc. v. Moman, 383 So.2d 840
(Ala.Civ.App. 1980), wherein the Court of Civil Appeals restricted the penalty provision to unpaid installments of compensation for temporary total or temporary partial disability. We need not, and do not, comment upon this particular holding of the Moman decision.