This action was brought by an employee against her employer and its insurer, claiming damages for the alleged bad faith refusal to pay a claim for workmen's compensation disability benefits. The trial court dismissed the complaint on the employer's motion asserting that the claim was barred by the exclusive remedy provisions of the Workmen's Compensation Act. Ala. Code 1975, § 25-5-51, et seq. The employee appealed.
The trial court dismissed the complaint, based upon Waldon v.Hartford Insurance Group, 435 So.2d 1271 (Ala. 1983). Waldon
holds that the exclusivity provisions of the Workmen's Compensation Act bar an action against the workmen's compensation carrier for bad faith refusal to pay a claim for benefits. The employee argues that Waldon wrongly construes the Workmen's Compensation Act and invites a reconsideration of the question. We hold that the trial court correctly dismissed the complaint and that Waldon, supra, compelled that action, and affirm.
The employee has also filed here a motion "for remand with instructions to vacate judgment of dismissal, grant leave to amend and instructions pursuant to Garvin v. Shewbart,"442 So.2d 80 (Ala. 1983). As grounds for her motion, the employee points out that subsequent to the filing of the appeal here, challenging the dismissal *Page 349 
of her claim for bad faith, this Court rendered its decision inGarvin v. Shewbart, supra, which held that an employee's suit against an employer and its insurer for outrageous conduct in the denial of a claim for workmen's compensation benefits is not barred by the exclusive remedy provisions of the act, although suits for bad faith refusal to pay claims are barred. The employee asks us to remand the cause and order the trial court to vacate its order of dismissal and allow an amendment to state a claim for damages for outrageous conduct. This motion is denied. There is a basic difference between this case and Garvin. In Garvin, the plaintiff's complaint contained a claim based upon outrageous conduct, which the trial court dismissed. We reversed the order of dismissal as to that count. Here, there was no claim in the complaint seeking damages for outrageous conduct. Therefore, there is nothing for an appellate court to review. The trial court has committed no error in dismissing the complaint, and since we can only review alleged error by the trial court, it would be inappropriate to remand the cause to allow a new theory of liability to be presented at this stage of the proceeding. We do not have that authority under the general rules of appellate review and should not assume it under our inherent authority of general superintendence of the circuit courts. The employee could have, as the employee did in Garvin, stated a claim for damages based upon the now suggested outrageous conduct of the defendants. She could have done so initially, or she could have amended her complaint to do so after the court entered its order of dismissal of the bad faith claim. She did neither. Had she done so, and had the trial court dismissed the claim, we would have reversed its order on the authority of Garvin. The trial court has not disallowed an offered amendment, nor has it dismissed a claim upon which relief may be granted in this state. It has simply properly dismissed a claim upon which relief may not be granted. The employee brings nothing to this Court to review with respect to the claim for damages based upon outrageous conduct, since the facts alleged to support the bad faith claim do not, when construed most favorably to the plaintiff, demonstrate the kind of outrageous conduct necessary to constitute a tort of that kind.
The judgment appealed from is affirmed. The alternative motion for remand with instructions is denied.
AFFIRMED; MOTION FOR REMAND DENIED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.