On July 24, 1980, Warren Strickland was injured in the course of his employment with Birmingham Building and Remodeling (Birmingham Building). He applied for and received workmen's compensation benefits. At one point, Seibels Bruce Group, the managing company for South Carolina Insurance Company (South Carolina), the compensation carrier, received information that Strickland had returned to work and suspended payment of the benefits.
Strickland filed this action against Birmingham Building, South Carolina, and Seibels Bruce Group to enforce his benefits under the Workmen's Compensation Act. At the same time, he sought damages for the defendants' "wrongful, malicious and bad faith refusal to pay" the benefits, and for a breach by Birmingham Building of its implied warranty that the work premises were safe. The defendants moved for summary judgment on all counts except the *Page 1243 
compensation claim. The motion was granted, and judgment was entered pursuant to Rule 54 (b), Alabama Rules of Civil Procedure. Strickland appeals. We affirm.
It is undisputed that, for purposes of the Workmen's Compensation Act, Strickland was an employee of Birmingham Building. There was an agreement between Strickland and Birmingham Building, and/or South Carolina, to provide Strickland with workmen's compensation coverage under the policy which Birmingham Building had with South Carolina. Furthermore, Strickland states in his complaint that he "was employed by the defendant, Birmingham Building and Remodeling Company, and the relationship of employer and employee, or master and servant, existed between the defendant, Birmingham Building and Remodeling Company, and the plaintiff [Strickland]. Both parties were subject to and governed by the Workmen's Compensation laws of Alabama." This statement was included in every count of the complaint. It is further undisputed that Strickland was injured in the course of his employment, and that he received and accepted benefits under Birmingham Building's compensation insurance policy. Although the benefits were suspended for a period of time, they have been reinstated. The compensation claim is still pending in the circuit court.
Having elected to be compensated under the Workmen's Compensation Act, and being entitled to be so compensated because he is an employee and was injured in the course of his employment, Strickland is barred from pursuing his other claims. The exclusive remedy provision of the Act states:
 "No employee of any employer subject to this article, nor the personal representative, surviving spouse or next of kin of any such employee shall have any right to any other method, form or amount of compensation or damages for any injury or death occasioned by any accident proximately resulting from and while engaged in the actual performance of the duties of his employment and from a cause originating in such employment or determination thereof other than as provided in this article."
Ala. Code 1975, § 25-5-52.
Strickland's claim against only his employer, Birmingham Building, for breach of its implied warranty that the workplace was safe, is clearly barred by this provision. As to the claim for damages for the defendants' alleged bad-faith refusal to pay compensation benefits, we have held that this claim "is so interwoven with the compensation award under the provisions of the Act, that to allow an independent common law action would circumvent the statutory provisions and the policy behind the statute." Waldon v. Hartford Ins. Group, 435 So.2d 1271, 1274
(Ala. 1983). We hold that the bad faith claim is barred by the exclusive remedy provision of the act.
The trial court properly granted the defendants' motion for summary judgment on the grounds that there was no genuine issue of material fact, and that the defendants were entitled to judgment on these counts as a matter of law. Rule 56, A.R.Civ.P.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.