BEATTY, Justice.
The plaintiff, James G. Gibson, appealed from the trial court’s judgment granting the motion to dismiss of defendants Fidelity and Casualty Company of New York (Fidelity) and Underwriters Adjusting Company (Underwriters). We affirm in part and reverse and remand in part.
The issue presented for review is whether the trial court erred in finding that plaintiff’s claims in Counts II through V in the complaint are barred by the exclusivity provision of the Alabama Workmen’s Compensation Act, Code of 1975, § 25-5-52:
“No employee of any employer subject to this article, nor the personal representative, surviving spouse or next of kin of any such employee shall have any right to any other method, form or amount of compensation or damages for any injury or death occasioned by any accident proximately resulting from and while engaged in the actual performance of the duties of his employment and from a cause originating in such employment or determination thereof other than as provided in this article.”
The following facts are alleged in the plaintiff’s complaint. The plaintiff was injured in a work-related accident which severed his spinal cord and left him a paraplegic. At the time of the accident, plaintiff was employed by Theo Gibson, who was named as a defendant but who is not a party to this appeal. The employer’s workmen’s compensation carrier was Fidelity. Fidelity’s adjusting firm was Underwriters. Plaintiff filed a claim under Alabama’s Workmen’s Compensation Act, and Fidelity began making payments to plaintiff for temporary total disability. After 300 weeks of payment, the defendants stopped all payments.
In Count I of his original complaint, the plaintiff claimed entitlement to payments *528 for permanent total disability, and alleged that defendants had refused to make those payments. The plaintiff asked the court to direct defendants to reinstate payments for his disability. Additionally, he asked for past due payments and attorneys’ fees, plus costs.
Counts II through V, as amended, are set out below in relevant part:
“COUNT II
[[Image here]]
“2. Plaintiff alleges that defendants ... refused, intentionally, maliciously, and in bad faith, to pay plaintiff the workmen’s compensation benefits to which he was entitled under the laws of Alabama. Plaintiff further alleges that there is no arguable or debatable reason which can justify the defendants’ refusal to pay these benefits to the plaintiff.
“3. As a proximate and intended result of the said defendants’ intentional, malicious, and bad faith refusal to pay, plaintiff has been left without a source of income and has suffered both physical and mental pain and anguish, suffering and extreme mental distress, injuries which did not arise out of and in the course of his employment with defendant, Theo Gibson.
“WHEREFORE, THE PREMISES CONSIDERED, plaintiff prays for compensatory and punitive damages against the defendants in the amount of One Million Five Hundred Thousand and 00/100 ($1,500,-000.00) Dollars, together with interest, cost and attorneys’ fees.
“COUNT III
[[Image here]]
“2. Plaintiff alleges that the defendants ... gave plaintiff no reasonable notice that said defendants intended to cut off his benefits and gave no reasonable notice that the defendants did not intend to pay plaintiff for a total, permanent disability. As a matter of fact, for a substantial period of time prior to the fall of 1982, the defendants attempted to settle with the plaintiff for a lump sum, to be calculated on a permanent total disability basis. Without notice and without provocation and without any reasonable justification, the defendants “cut off” all payments to plaintiff, a known, disabled, poverty-stricken individual, and represented to plaintiff that permanent benefits, which had heretofore been the subject of settlement negotiations, were to be cut off and discontinued to plaintiff because plaintiff had allegedly failed to participate in some rehabilitation efforts suggested by defendants. Plaintiff alleges that these reasons and justifications for termination of his benefits were false, unfounded, unsupported by the medical and other records, that he has never refused reasonable rehabilitative help and support and that the reasons for termination of plaintiff's compensation payments were purely spurious.
“3. Plaintiff alleges that the defendants were under a duty to disclose to plaintiff that his alleged failure to participate in rehabilitative programs suggested by defendants might result in the loss of future compensation benefits.
“4. Plaintiff alleges that the defendants intentionally and with malice, fraudulently suppressed such information, despite having a duty to disclose it. As a proximate and intended result of said intentional, malicious and fraudulent failure to disclose, plaintiff has had all the benefits due him under the workmen’s compensation laws ‘cut off’ as of November 1982 causing plaintiff to suffer physical, and mental pain and anguish and economic loss, deprivation, embarrassment, and extreme anxiety, injuries which did not arise out of and in the course of his employment with defendant, Theo Gibson.
“WHEREFORE, THE PREMISES CONSIDERED, plaintiff prays for compensatory and punitive damages against the defendants in the amount of One Million Five Hundred Thousand and 00/100 ($1,500,-000.00) Dollars, together with interest and costs.
“COUNT IV
[[Image here]]
“2. Plaintiff alleges that in unilaterally and unreasonably cutting plaintiff off from *529 all of plaintiffs workmen’s compensation benefits, knowing of his entitlement thereof, knowing of plaintiff’s poverty condition and plaintiff’s extreme physical impairments, knowing of plaintiff’s age and plaintiff’s education, knowing of plaintiff’s severe medical problems following his paraplegia and continuing to present, and further failing to warn plaintiff as alleged in Count III, paragraph 2, that his said disability payments were going to be ‘unilaterally cut off,’ the defendants have, together and in concert with each other, engaged in outrageous conduct, shocking to the conscience of mankind, and calculated to cause ' and which did cause plaintiff’s severe emotional distress, anxiety, frustration, and embarrassment.
“3. As a proximate result of the aforesaid intentional, malicious and outrageous conduct, engaged in by the defendants, which conduct could reasonably have been foreseen to lead to such consequences as alleged, plaintiff did in fact suffer severe and extreme emotional distress, physical and mental pain and anguish, economic loss and deprivation, embarrassment, and anxiety, injuries which did not arise out [of] and in the course of his employment with defendant, Theo Gibson.
“WHEREFORE, THE PREMISES CONSIDERED, plaintiff prays for compensatory and punitive damages against all defendants in the amount of One Million Five Hundred Thousand and 00/100 ($1,500,-000.00) Dollars, together with interest and costs.
“COUNT V
[[Image here]]
“3. At the time of the plaintiff’s accident and continuing to date the defendants knew of plaintiff’s education, socio-economic status, nature of his injuries, his probable life expectancy, the severe disabling effect of his injury, and all other relevant and material factors regarding plaintiff’s claim. Plaintiff further alleges that the defendants, at various times during the years 1980 and 1981, attempted to ‘lump-sum settle’ plaintiff’s workmen’s compensation claim based on a permanent, total disability rating in order for the defendants to be able to ‘write off’ and otherwise close the files on plaintiff’s case to cut down on contingent and unknown liabilities. Said settlement was never consummated. Plaintiff further alleges that once the defendants knew and realized that defendants would be unsuccessful in attempting a lump-sum settlement of plaintiff’s severe disabling claim, together with a settlement of future medical benefits, the defendants set about and conspired, connived, schemed and planned to harass, embarrass and humiliate plaintiff and prevent him from receiving his rightful benefits under the laws of Alabama for permanent, total workmen’s compensation disability and attending medical benefits. Plaintiff further alleges that said conspiracy was accomplished by the combined and individual efforts of the defendants which resulted in a cessation of workmen’s compensation benefits to plaintiff in November 1982. Plaintiff alleges that he first discovered said conspiracy when his workmen’s compensation benefits were discontinued in November 1982.
“4. Plaintiff alleges that the aforesaid scheme, conspiracy, connivance and plan was designed to accomplish and did proximately accomplish the intended results and in furtherance of said conspiracy the defendants committed the tort of outrageous conduct, the tort of bad faith, the tort of intentional interference with plaintiff’s contractual rights and the tort of misrepresentation as alleged in Counts II-IV all to the damage and injury of the plaintiff.
“5. As proximate and intended results of the aforesaid conspiracy engaged in by the defendants and the acts committed by them in furtherance of said conspiracy, the plaintiff has been left without a source of income and has suffered both physical and mental pain and anguish, economic loss, deprivation, embarrassment, extreme anxiety and mental distress, injuries which did *530 not arise out of and in the course of his employment with defendant, Theo Gibson.
“WHEREFORE, THE PREMISES CONSIDERED, plaintiff prays for compensatory and punitive damages against the defendants in the amount of One Million Five Hundred Thousand and 00/100 ($1,500,-000.00) Dollars, together with interest and cost.”
Defendants Fidelity and Underwriters filed a motion to dismiss in response to the original complaint, alleging that it failed to state a cause of action against them upon which relief could be granted. The trial court denied that motion. After the plaintiff filed his amended complaint, the defendants filed another motion to dismiss, alleging that the amended complaint failed to state a claim upon which relief could be granted. In its ruling on that motion, the trial court stated:
“This case is presently before this Court on defendant, Fidelity and Casualty Company of New York and Underwriters Adjusting Company’s Motion for Summary Judgment. After consideration of said motion it is the Court’s opinion that it is due to be denied.
“As support for their motion, the defendants have offered the case of Waldon v. Hartford Insurance Group, [435 So.2d 1271 (Ala.1983) ] which quoted the principle of the exclusive remedy provision of the Workmen’s Compensation Act. It is contended that this provision would grant the defendants herein immunity from the above styled claim.
“After thorough research of the Compensation Act, the Waldon decision, and other cases which dealt with the Workmen’s Compensation law, it is the opinion of this Court that the plaintiffs remedy lies within the Compensation Act and its provisions for enforcement of an injury claim.
“It remains a question of fact as to whether the defendant wrongfully ‘cutoff’ the benefits to which the plaintiff was entitled under the Compensation Act. However, any amount which may be recovered for such action must be in accord with the applicable provisions of the Act, (Code of Ala.1975, § 25-5-59).
“For the above stated reasons it is ORDERED, ADJUDGED and DECREED that defendant’s Motion for Summary Judgment as to Count I of the original complaint is hereby DENIED: and as to all remaining counts, in both the original complaint and the amended complaint, said motion is hereby GRANTED.” (Emphasis added.)
Although the trial court referred to the motion as one for summary judgment, the ‘only facts before the court were those alleged in the complaint and the amended complaint. Therefore, the motion was actually a motion to dismiss. See Rule 12(b), A.R.Civ.P.
Plaintiff filed a motion for certification of the judgment as a final order under Rule 54(b), A.R.Civ.P. The trial court granted that motion, and plaintiff appealed the order dismissing Counts II through Y of his complaint.
This Court has said:
“The issue presented by a motion to dismiss is not whether the plaintiff will prevail, Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1976); rather, construing the allegations most favorably to the nonmoving party, the test is whether, under , any conceivable theory or any applicable set of facts, the nonmov-ing party would be entitled to recover. [Citations omitted.]” Karagan v. City of Mobile, 420 So.2d 57, 59 (Ala.1982).
COUNT II
This Court has previously addressed the tort of bad faith refusal to pay an insurance claim in the workmen's compensation context, holding that such claims are' barred by the exclusivity provisions of that act. Garvin v. Shewbart, 442 So.2d 80 (Ala.1983); Waldon v. Hartford Insurance Group, 435 So.2d 1271 (Ala.1983). Accordingly, the trial court properly dismissed Count II.
*531 COUNT III
In Wilkins v. West Point-Pepperell, Inc., 397 So.2d 115 (Ala.1981), we considered whether the exclusivity provisions of the Workmen’s Compensation Act barred an employee’s claims against an employer for alleged fraud in misleading the employee into forgoing benefits under the Act. We wrote:
“[T]he ‘exclusive remedy’ sections of the. Workmen’s Compensation Act stand as an impenetrable barrier to the claims here sought to be asserted by the employee against his employer. §§ 25-5-52 and -53, and 25-5-3 and -4; see DeArman v. Ingalls Iron Works Co., Inc., 258 Ala. 205, 61 So.2d 764 (1952).
“Counsel’s argument, particularly with reference to Plaintiffs ‘nonphysical injuries,’ is commendably ingenious and highly persuasive; but it is in the nature of a policy argument which is more properly addressed to the legislature. However inclined we may be to accept Plaintiff’s contention, we have no authority, constitutionally, statutorily, or otherwise, to judicially engraft an exception into the immunity provisions applicable to the employer. Clark v. Chrysler Corp., 342 So.2d 902 (Ala.1977); see, also, Adair v. Moretti-Harrah Marble Co., Inc., 381 So.2d 181 (Ala.1980). By the explicit terms of the Workmen’s Compensation Aet, a compensable injury (and, in the case of pneumoconiosis, its aggravation) has its exclusive remedy against the employer under the act and not otherwise. Breimhorst v. Beckman, 227 Minn. 409, 35 N.W.2d 719 (1949). The trial court did not err in dismissing Plaintiff’s claim against West Point-Pepperell.” 397 So.2d at 117-18.
Wilkins was a suit against an employer. The appeal before us now concerns claims against the employer’s insurance carrier and the carrier’s adjuster. Code of 1975, § 25-5-53, provides in part:
“The immunity from civil liability shall extend to any workmen’s compensation insurance carrier of such employer and to any officer, director, agent, servant or employee of such carrier, and such immunity shall further extend to any labor union, or any official representative thereof, making a safety inspection for the benefit of the employer or its employees.”
Therefore, Fidelity and Underwriters are entitled to the immunity extended to employers, and, accordingly, the trial court correctly dismissed Count III.
COUNT IV
Recently we approved the tort of outrageous conduct in the workmen’s compensation context. We recognize the fact that the learned trial court did not have our decision in Garvin, supra, before it when it dismissed Count IV. In that decision, we emphasized the heavy burden on the plaintiff attempting to prove such a claim, stating: “Plaintiff must show that the conduct is so outrageous in character and so extreme in degree so as to be regarded as atrocious and utterly intolerable in a civilized society. Cates v. Taylor, 428 So.2d 637 (Ala.1983).” Garvin, supra, 442 So.2d at 83. Therefore, despite that burden, a claim based upon the tort of outrageous conduct is not barred under the exclusivity provisions of the Workmen’s Compensation Act, and the order dismissing the count based upon that claim is due to be reversed.
COUNT V
In Count V, Gibson alleged that the defendants conspired to commit the torts alleged in Counts II through IV. This Court recently discussed the tort of civil conspiracy, which Alabama recognizes, stating:
“ ‘Where civil liability for a conspiracy is sought to be enforced, the conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy alleged but the wrong committed.’ O’Dell v. State ex rel. Patterson, 270 Ala. 236, 240, 117 So.2d 164, 168 (1959). Since we have already determined that Spriggs failed to establish a prima facie case of tortious interference as a matter *532 of law, the conspiracy claim must also fail because there is no ‘actionable wrong’ to support the latter theory. Griese-Traylor Corp. v. First National Bank, 572 F.2d 1039 (5th Cir.1978).” Purcell Company, Inc. v. Spriggs Enterprises, Inc., 431 So.2d 515, 522 (Ala.1983).
Therefore, in the case before us, the conspiracy count was properly dismissed with respect to the torts of fraud and bad faith refusal to pay an insurance claim. However, the trial court erred in dismissing the conspiracy count based upon the allegation of outrageous conduct.
In summary, the trial court’s judgment dismissing the counts based on bad faith refusal to pay an insurance claim, fraud, and conspiracy to commit those torts is affirmed. The judgment dismissing the count based on outrageous conduct and conspiracy to commit that tort is reversed, and the cause is remanded for further proceedings consistent with this opinion and the authorities cited. It is so ordered.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
MADDOX, JONES, SHORES and EM-BRY, JJ., concur.