This case involves an action by an employee against her employer's workmen's compensation insurance carrier for bad faith and outrageous conduct.
The appellant, Kimberly Bearden, states in her brief the sole issue on appeal:
 "This appeal involves solely the question of whether a worker who sustains an injury covered by the Workmen's Compensation Act may assert a separate claim against the workmen's compensation carrier and its employee for damages on the grounds that the insurer and its employee committed intentional torts and acted in bad faith in adjusting and processing the worker's compensation claim."
The viability of a separate bad faith action is controlled by the recent decision of Waldon v. Hartford Insurance Group,435 So.2d 1271 (Ala. 1983), cited with approval in Garvin v.Shewbart, 442 So.2d 80 (Ala. 1983). In Waldon, supra, this Court held that the employee's action against the employer or its carrier for bad faith in processing or paying claims was barred under the exclusivity provisions of the Workmen's Compensation Act, Code 1975, §§ 25-5-52 and -53.
Yet in Garvin, supra, this Court also held that an employee's claim against the employer or its insurance carrier for the tort of extreme and outrageous conduct was not barred under the exclusivity provisions of the Workmen's Compensation Act. To prevail under this cause of action, however, the plaintiff must show that the conduct alleged is "so outrageous in character and so extreme in degree so as to be regarded as atrocious and utterly intolerable in a civilized society." Garvin, supra, 442 So.2d at 83 (citing American Road Serv. Co. v. Inmon,394 So.2d 361 (Ala. 1980)). See National Sec. Fire Casualty Co. v.Bowen, 447 So.2d 133 (Ala. 1983) (threats by insurer's agents to kill insured and insured's children constituted extreme and outrageous conduct on part of insurer).
Bearden has failed to establish any evidence of such extreme and outrageous conduct on the part of the defendants which would create a genuine issue of material fact so as to withstand a motion for summary judgment.
In actuality, the record reveals that the insurance carrier went out of its way to cover the costs of Bearden's hospitalization, medical treatment, and child care, and Bearden herself stated in an affidavit that the insurance company employees were most cooperative in assisting her needs. Moreover, the evidence clearly shows that *Page 837 
the carrier's initial decision to lower Bearden's benefits was due to a treating physician's report as to her bodily impairment and not to any extreme or outrageous conduct on its part.
The circuit court therefore properly granted summary judgment on behalf of these defendants.
The judgment of the circuit court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.