EMBRY, Justice
(dissenting).
In count four, the Lees allege that on 23 June 1982, while employed at Health-Tex, Inc., Dean Lee injured her left wrist and hand in a work-related accident. After that accident, Lee began receiving payments of temporary total workmen’s compensation benefits. The Lees contend that shortly after she began receiving benefits, Jimmy Lee, acting independently and as an agent of Health-Tex, and Louise Abies, acting independently and as an agent of Kem-per Insurance, began to push Dean Lee’s personal physician to release her to return to work before she was physically able to work, in order to reduce the amount of workmen’s compensation benefits due to her. They contend Dean Lee was, as a result of defendants' coercion, conditionally released by her physician. Her release to return to work was conditional upon Health-Tex providing to Lee the supervision of a rehabilitation therapist and the requirement that she work only three hours per day, five days per week. Plaintiffs contend Lee was not provided a rehabilitation therapist at any time after returning to work. They further allege that, in the first week of December 1982, while working under the conditional work release, Lee became dizzy as a result of pain medications prescribed by her physician, fell, and incurred severe injuries, some of which are permanent. The Lees asserted, in the fourth count of their complaint, a claim against Jimmy Lee and Louise Abies which alleged negligence and wantonness relative to the above pattern of activities.
The sole argument advanced by defendants at the trial court’s hearing on their motion for summary judgment was that the plaintiffs’ fourth count was barred by the exclusionary provisions of the Workmen’s Compensation Act.
Defendants reasoned that, because plaintiffs alleged the intended result of the “negligent and wanton” actions by the plaintiffs was a failure or refusal to pay workmen’s compensation benefits by reducing the amount of benefits due, the plain *560 tiffs’ cause of action, if any, is for “bad faith.” It follows, they reason, that because this court recently held “bad faith” actions against employers and workmen’s compensation carriers barred by the exclusivity provisions of the Act, this action too should be barred. They rely on our recent decision in Waldon v. Hartford Insurance Group, 435 So.2d 1271 (Ala.1983).
I find defendants’ attempts to aid the plaintiffs in defining their cause of action against defendants ingenious, but find their reasoning circuitous and their reliance on this court’s decision in Waldon misplaced.
Plaintiffs have alleged that defendants were negligent and wanton in their behavior toward Dean Lee. Liability for negligence arises where there is a duty of due care, a breach of that duty, and injury resulting therefrom. A breach consists of a party’s failure to discharge the delegated or assumed duty with the degree of care required of a person of ordinary prudence under the same or similar circumstances.
Defendants, on motion for summary judgment, made no attempt to address plaintiffs’ allegations of negligence by setting forth facts relevant thereto. Therefore, because the movant has the burden of showing the absence of any genuine issue of material fact, and further, because defendants failed to meet that burden as to the issues raised by plaintiffs, the trial court erred in granting summary judgment and I would reverse that court’s judgment as to count four of the plaintiffs’ complaint and remand this cause to the trial court for further proceedings.
FAULKNER, J., concurs.