485 So.2d 1116 (1986)
Ex parte Robert Lee JACKSON
(In Re: Robert Lee JACKSON v. Buford ROBERTS, et al.)
84-1151.
Supreme Court of Alabama.
February 21, 1986.
Special Concurrence Issued February 28, 1986.
*1117 Billy L. Carter of Watkins, Carter & Knight and Vanzetta Penn Durant, Montgomery, for petitioner.
Tyrone C. Means, of Massey, Means & Thomas, Montgomery, and Jock Smith, Tuskegee, for respondents.
FAULKNER, Justice.
Plaintiff, Robert Lee Jackson, filed this petition for writ of mandamus seeking an order to the Honorable Dale Segrest requiring him to vacate his order of July 8, 1985, transferring this case from Macon County to Montgomery County. Plaintiff also requests that we direct Judge Segrest to recuse himself from consideration of this case.
Robert Lee Jackson filed this action in Macon County against the Colonial Baking Company and three individuals who were co-employees. The only defendant for whom venue in Macon County was proper was Colonial. It is a foreign corporation which does business in Macon County. The plaintiff and the individual defendants are residents of Montgomery County; the cause of action arose in Montgomery County.
The complaint asserts three grounds of relief. It states a cause of action against Colonial under the workmen's compensation statutes, it states a cause of action against the individuals for negligence, and it alleges that both the corporation and the individuals were guilty of intentional infliction of emotional distress.
In response to the complaint the defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted and a motion to transfer the case for lack of proper venue in Macon County. Nothing in the petition or supporting exhibits indicates that the motion to transfer was ruled on. The trial court severed the workmen's compensation claim. Rule 21, Ala.R.Civ.P. A trial on the workmen's compensation claim was held and a final judgment was entered; the time for filing an appeal has expired.
After the workmen's compensation case was concluded, the defendants filed another motion for a change of venue. The trial court then entered the order which is the subject of this petition. In its order the court concluded that the plaintiff had improperly joined the co-employee negligence action with the workmen's compensation claim in an attempt to create venue in Macon County. The court retained jurisdiction over the severed workmen's compensation case and transferred the remainder of the original case to Montgomery County.
A foreign corporation can be sued in any Alabama county in which it does business. Alabama Code (1975), § 6-3-7. Where individuals are joined as defendants in an action with a foreign corporation, if the venue is proper in that county as to the corporation, it is proper as to the individual defendants. Rule 82, Ala.R.Civ.P.; Wilson v. Birmingham Post Co., 408 So.2d 94 (Ala.1981). Joinder of parties is governed by Rule 20. That rule provides that persons may be joined as defendants if the claims against them arose out of a single transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.
Since Colonial is a foreign corporation doing business in Macon County, venue there is proper as to it in the workmen's compensation case. The trial court transferred the remaining claims on the theory that the other claims against the individual defendants could not properly be joined with the workmen's compensation claim against Colonial.
We will accept as correct the trial court's conclusion that the workmen's compensation *1118 claim could not be joined with the negligence claims. While the workmen's compensation claims and the negligence claims may have arisen from the same set of operative facts it may well be that they did not have common questions of law or fact. The issues raised by a workmen's compensation claim are entirely different from those raised by a negligence action. A determination that the workmen's compensation claim and the negligence action were not properly joined does not settle the issue of venue, however, because the complaint also alleged the common law tort of intentional infliction of emotional distress against both the corporation and the individuals. This claim was never dismissed by the trial court and was pending when the trial court transferred the action to Montgomery County Circuit Court. If the complaint states a good cause of action against both the corporation and the individual defendants, venue lies in Macon County because Colonial does business there. Rule 82, supra.
The defendants argue that the count against Colonial for intentional infliction of emotional distress is "due to be dismissed" because the relief afforded by the workmen's compensation statutes is Jackson's exclusive remedy against his employer. See Waldon v. Hartford Insurance Group, 435 So.2d 1271 (Ala.1983). In Garvin v. Shewbart, 442 So.2d 80 (Ala.1983), this Court held that an injured employee's claim based on intentional infliction of emotional distress or outrageous conduct against an employer is not barred by the exclusivity provisions of the Workmen's Compensation Act.
While we make no finding as to whether Colonial's conduct was sufficient to justify relief under a claim based upon the tort of intentional infliction of emotional distress, we find that the complaint states a cause of action based upon this tort against Colonial and, therefore, that venue is proper in Macon County. Accordingly, the petition for writ of mandamus requiring the trial court to vacate its transfer order of July 8, 1985, is granted.
Jackson also requests that we direct Judge Segrest to recuse himself from consideration of this case because of his bias and prejudice.
The bias or prejudice which will disqualify a judge must be personal. This refers to the mental attitude or disposition of the judge toward the petitioner and not to any views he may have with respect to the cause of action. Ex parte White, 53 Ala. App. 377, 300 So.2d 420, cert den., 293 Ala. 778, 300 So.2d 439 (1974). This Court must consider the cumulative effect of the petitioner's allegations and the totality of the circumstances when analyzing a claim that the trial judge was biased. Ex parte White, supra.
Jackson's allegations are: personal opposition to Macon County venue; unsanctioned defense delays; disregard for res judicata effect of earlier ruling; and prejudicial timing of the court's consideration of venue.
Jackson's assertion that the trial judge was personally opposed to venue in Macon County is not supported by the record. After reading the pretrial conference transcripts, it appears to us that Judge Segrest felt that the only action remaining to be tried was the negligence action against the co-employees; thus, he stated venue was not proper in Macon County. However, he allowed Jackson an opportunity to further respond to the motion for change of venue and stated that if some authority were presented he would consider it. This does not show personal bias toward Jackson, but rather his feelings on the law of venue.
Jackson's second contention is that the trial judge allowed the defendants to engage in dilatory tactics by giving them five months to substitute new counsel into the case. Given this fact, the trial date was still set within one year from the date the suit was initially filed, which is not dilatory.
The third assertion is that the trial judge disregarded his prior ruling on a motion to transfer filed on August 31, 1984, which denied the transfer. However, nothing in *1119 the record indicates that the motion was ruled on. The trial judge stated in the pretrial conference on June 26, 1985, that he was considering a new change of venue motion because the workmen's compensation case had been severed from the other causes of action and he must now determine if venue is proper in Macon County as to the remaining issues. The trial court also denied a motion by defendants to reopen discovery which would further delay the trial. These actions do not show a personal bias toward Jackson.
The final assertion is that the court's reservation of a ruling on the motion for change of venue until July 8, 1985 (two days before the date set for trial), was extremely prejudicial to Jackson. Jackson argues that this deprived him of trial preparation time and caused him to expend money in subpoenaing witnesses for a trial that might not (and did not) occur on July 10. This action had the same effect on the defendants; therefore, it is difficult to understand how these facts showed the trial court was prejudiced against Jackson.
After examining the entire record, we find no evidence of bias or prejudice on the part of the judge. Therefore, we will not require him to recuse himself.
WRIT GRANTED IN PART; AND DENIED IN PART.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
TORBERT, C.J., concurs in the result.
TORBERT, Chief Justice (concurring in the result).
Because there was a viable claim against the defendant foreign corporation for the tort of outrage, Garvin v. Shewbart, 442 So.2d 80 (Ala.1983), venue was proper in Macon County. Therefore, it was error to transfer the case to Montgomery County. In light of the above, there is no reason to address the other issues discussed in the majority opinion.