MADDOX, Justice.
The primary issue presented by this appeal is whether the exclusivity provisions of the Workmen’s Compensation Act (Code 1975, § 25-5-52) are applicable to an employee’s suit against his employer’s plant manager for an alleged failure of the plant manager to obtain workmen’s compensation benefits for the employee.
The other issue is whether the employee’s claim that the plant manager was guilty of “outrageous conduct” was supported by any evidence.
First, we hold that the exclusivity provisions of the Act do apply, and, second, we find, based upon the evidence presented in support of, and that in opposition to, the motion for summary judgment, that the plant manager was entitled to summary judgment on the tort of outrageous conduct claim; therefore, we affirm the trial court’s summary judgment in favor of the plant manager as to all claims.
Appellant Garnett candidly admits in his brief that this Court, in Waldon v. Hartford Insurance Group, 435 So.2d 1271 (Ala.1983), held, in appellant’s words, “that an independent tort action of an employee against the employer or workmen’s compensation carrier for bad faith in processing or paying claims was barred by the exclusivity provision of the Workmen’s Compensation Act.”
Appellant argues, however, that “the principles enunciated in Waldon v. Hartford Insurance Group, supra, should be overruled and the intentional tort action of the appellant should be allowed.” In Wal-don, the employee sued his employer and the workmen’s compensation carrier, alleging that the employer negligently or intentionally refused to file a workmen’s compensation claim with the carrier, and that the carrier negligently, or in bad faith, refused to pay benefits. This Court held that the exclusivity provisions of the Workmen’s Compensation Act barred the action, holding that the employee’s claim in that case was “so interwoven with the compensation award under the provisions of the Act, that to allow an independent common law action would circumvent the statutory provisions and the policy behind the statute.” 435 So.2d at 1274.
In Garvin v. Shewbart, 442 So.2d 80 (Ala.1983) the employee sued the employer, the workmen’s compensation carrier, and the carrier’s employee for bad faith regarding the handling of her workmen’s compensation claim. This Court held that the exclusivity provisions of the Workmen’s Compensation Act extended to the employer, the workmen’s compensation carrier, and the carrier’s employee. Similarly, in Strickland v. Birmingham Building & Remodeling, 449 So.2d 1242 (Ala.1984), an employee filed suit against the employer, the workmen’s compensation carrier, and the employee or agent of the carrier. Again, this Court held that the exclusivity provisions of the Workmen’s Compensation Act applied to the employer, the workmen’s compensation carrier, and the carrier’s agent, because the claim of the employee was so interwoven with the compensation award under the provisions of the Act, that to allow an independent common-law action would circumvent the statutory provisions and the policy behind the statute.
Based on the foregoing, we hold that Waldon is sound law, and that the trial court did not err in granting summary judgment in favor of Neumann on Gar-nett’s claim that Neumann owed him a duty to process his workmen’s compensation claim. We also hold, based upon the record before us, that the trial court did not err in granting summary judgment in *498 favor of Neumann (the employer’s plant manager) on Garnett’s claim based on the tort of outrageous conduct.
Regarding Garnett’s outrageous conduct claim, Neumann recognizes that this Court, in the case of Garvin v. Shewbart, 442 So.2d 80 (Ala.1983), held that the tort of outrageous conduct constituted an exception to the exclusivity provisions of the Workmen’s Compensation Act. Nevertheless, Neumann argues that, although Garnett alleged the tort of outrageous conduct and intentional infliction of emotional distress, there was no evidence before the trial court at the hearing on the motion for summary judgment that any actions or behavior on his part constituted conduct so outrageous in character or so extreme in degree as to be regarded as “atrocious and utterly intolerable.” American Road Service Co. v. Inmon, 394 So.2d 361, 365 (Ala. 1980). In his reply brief, Garnett contends that at the hearing on the motion for summary judgment his counsel referred to the depositions of one Deborah Thompson and one Linda Russell, and that his counsel stated at that time the following:
“MR. GARMON: Linda Russell. She works for that company. She was a secretary and had formerly held the position that Deborah Thompson — that is, the clerk that files these claims, and she trained Deborah Thompson, was still working in the same office doing other duties and her testimony in deposition was that she was told by Deborah that Deborah was instructed by Mr. Neu-mann, ‘do not process that claim.’ ”
Garnett also contends that his counsel, at the time the motion for summary judgment was heard by the trial court, stated as follows:
“So, we think that based on the factual dispute that is presented with Linda Russell’s testimony and the testimony of Deborah Thompson, Mr. Lemley, that there is more than a scintilla of evidence that there has been the tort of outrage plus we feel that — very strongly that there would be a common law negligence duty — common law negligence claim for him failing to do what he should have done, which is direct her to go ahead and file the claim after he became aware of it.”
The depositions referred to by Garnett’s counsel were not submitted to the trial court in opposition to the motion for summary judgment and are not included in the record on appeal. But even if Garnett had submitted the affidavit or deposition of Linda Russell, the statement which counsel attributed to her could not have been considered by the trial court, because it constituted hearsay evidence. Linda Russell could not testify to what Deborah Thompson told her defendant Neumann said. In White v. Law, 454 So.2d 515 (Ala.1984), this Court held that “affidavits and other evidence offered in response to a summary judgment motion must present facts that would be admissible into evidence and must be more than a mere statement of allegations contained in the pleadings.”
Based on the foregoing, we are of the opinion that the trial court did not err in granting summary judgment in favor of Neumann on Garnett’s claim based on the tort of outrageous conduct.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.