141 So. 366

**SHIPP et al. v. DAVIS.**

**6 Div. 182.**

Court of Appeals of Alabama.

March 22, 1932.

Rehearing Denied April 19, 1932.

Harwood & McQueen, of Tuscaloosa, for appellant.

Foster, Rice & Foster, of Tuscaloosa, for appellee.

**SAMFORD, J.**

The action in this case was brought jointly against Jack Shipp and Dr. M. G. Shipp claiming damages as a result of the negligent operation of a certain automobile by the defendant Jack Shipp. There was judgment against both defendants, and the defendant Dr. M. G. Shipp alone takes this appeal.

For the purposes of this appeal the following may be said to be the facts: Jack Shipp is a man over the age of twenty-one years, and at the time of the accident here complained of was a student at the University of Alabama located at Tuscaloosa. Dr. M. G. Shipp was his father and lives at Anniston, Ala., and about October 1, 1928, purchased for Jack and delivered possession to him a Buick car, knowing at the time that Jack would take it with him to the University and use it while there. There was also some evidence tending to show that at the time of the gift Dr. Shipp knew that his son Jack "drank." Incident to the gift, the father, Dr. Shipp, paid the license required by the state, and in obtaining the license assessed the car for taxes in his own name. On or about October 19, 1928, while Jack (defendant M. G. not being present) was operating the car at a point on the public road near Tuscaloosa, he so negligently operated the car as to run into the rear of a bus, in which was this plaintiff and others, and as a proximate result thereof this plaintiff was injured. There was evidence also tending to show that at the time of the accident Jack was drinking.

Over the objection of defendant Dr. Shipp, the witness Sapp was allowed to testify that

Dr. Shipp (the father) said to him (Sapp) at Tuscaloosa shortly after the accident: "He knew that Jack drank and would not have been surprised at the accident if Jack had been driving."

The plaintiff introduced as a witness Mrs. Effie Kilpatrick, who testified that she did not hear the noise of the collision; that she came up after the accident had happened; that when she got there Jack Shipp was sitting under the steering wheel of the Buick car, and on the seat beside him were two girls. Witness asked who was driving the car, and one of the girls replied, Jack Shipp. Jack was sitting between witness and the girl who spoke and made no denial. Objection was made and exception reserved to this testimony.

For the purposes of a disposition of this appeal, the foregoing may be said to be the facts, except as it may be necessary to further add to them in the discussion of the points involved.

There are seventy-five assignments of error, but they all revolve around five major questions which will be discussed and pointed out in what follows.

We may dismiss consideration of the demurrer to count 1 of the complaint by citation of the case of Rush v. McDonnel, 214 Ala. 47, 106 So. 175. Under the rulings in that case count 1 states a good cause of action.

Count 3 undertakes to state a case of concurring negligence as against the defendant Dr. M. G. Shipp, and to this end contains the following allegation: "That said automobile driven by said defendant Jack Shipp against the automobile in which plaintiff was riding was the property of the defendant, Jack Shipp, and that the said defendant Dr. M. G. Shipp had given said automobile to said defendant Jack Shipp to drive and operate the same and negligently permitted the said defendant Jack Shipp to own and have the custody and possession of and to drive said automobile with the knowledge that the said Jack Shipp was incompetent to safely drive and operate the same."

■ Except in specific cases, such as the sale and delivery of machinery with latent defects, a person who is not the owner and is not in control of certain property is not liable for negligence in respect of such property. 45 Corpus Juris, 881 (317) C.

■ In the absence of an allegation of relationship constituting a legal control of Jack Shipp by Dr. M. G. Shipp, so as to bring into action the doctrine of respondeat superior or the maxim qui facit per alium facit per se at the time of the accident, Jack Shipp would be liable for his own personal negligence which is the proximate cause of an injury, but the liability would not extend and attach to Dr. M. G. Shipp, who gave him the automobile with a knowledge at the time of the gift that Jack was an incompetent driver, and although he might have known, at the time of the accident complained of, that Jack was still incompetent as a driver. 45 Corpus Juris, 877 (309) A; 42 C. J. 1075, note 26. As was held in Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380, and in many other cases in this and other states (42 C. J. 614, note 95), automobiles are not classed with dangerous instrumentalities, and, while in the hands of an incompetent driver an automobile may become a dangerous machine and a menace to others, if it should be held that an automobile could not, without assuming liability for negligent or incompetent driving, be sold or given to a person not having sufficient knowledge or training to drive the car, it would be carrying the doctrine of concurrent liability far beyond any decision coming to our knowledge. Whether by a gift or a sale when an automobile is placed in the possession and control of a person, sui juris, such transfer passes the title to the buyer or donee, and thereafter responsibility for its operation rests with such buyer or donee. If, however, at the time of delivery of possession and control, the receiving party was by reason of intoxication or other cause incapacitated from driving the machine with reasonable safety to the public, a different rule would apply. The fifth and sixth grounds of demurrer to the third count raises the point, and should have been sustained.

■ One of the major questions presented is as to the ownership of the automobile driven by Jack at the time of the accident. On this question the plaintiff introduced evidence tending to prove that at the time of the purchase of the car the license was issued to Dr. M. G. Shipp upon an assessment made by him. This was a presumption that the car was owned by Dr. Shipp at that time, that it was still his property, and that the person operating it was his servant or agent. Patterson v. Milligan, 12 Ala. App. 324, 66 So. 914. This, however, is an administrative presumption, and is rebuttable. Patterson v. Milligan, supra. Being a presumption of law, it may be entirely overcome by countervailing testimony. Alabama Water Co. v. Wilson, 214 Ala. 364, 107 So. 821. In this case the undisputed testimony of Dr. M. G. Shipp, Jack Shipp, and the witness from whom the automobile was purchased is to the effect that title and possession to the car passed to defendant Jack Shipp on the day the automobile was purchased; that Dr. Shipp never had possession of the car, and exercised no control or dominion over it. The defendant Jack Shipp was over twenty-one years of age, and had by virtue of his age passed from the legal control of his parents. There can be no doubt from the evidence in this case that the car

was the property of defendant Jack Shipp and that the defendant M. G. Shipp had no interest in or control over it. But, whether the defendant M. G. Shipp was the owner of the car or not, he was not at the time of the accident present or in control of the car, and the fact, even if proven, that M. G. Shipp knew at the time Jack obtained possession of the car that Jack "drank," would not impart actionable negligence to M. G. Shipp.

It is insisted by appellant that the testimony of Miss Kilpatrick is not relevant because not a part of the res gestæ. This witness came upon the scene immediately after the impact of the two cars; the atmosphere of the accident was still present. There was the bus turned over; nineteen boys and girls scattered about the highway, some of them lying on the ground injured by the collision; the Buick car standing near with its radiator and wheel crushed; one of the girls in the Buick claiming that her leg was broken, and the defendant Jack Shipp trying to quiet her. There was an air of general excitement still pervading the scene. Anything said or done at that time tending to illustrate or give connection to the act is admissible as a part of the res gestæ, and the court did not err in admitting such evidence, as against defendant Jack Shipp. Ill. Cent. Ry. Co. v. Lowery, 184 Ala. 443, 63 So. 952, 49 L. R. A. (N. S.) 1149.

In view of the foregoing, it becomes unnecessary for us to pass upon other questions presented, including the admissibility of evidence as to what Dr. M. G. Shipp said when he heard of the accident, to the effect that he would not have been surprised if Jack had been driving, as he knew that Jack drank.

For the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.