Ethel Fullbright, the widow of James W. Fullbright and administratrix of his estate, brought suit against Otis R. Burton, Sr., as Administrator of the Estate of James Donald Cook, and Clarence Cook, individually and d/b/a Cook's Auto Parts Company, to recover damages for the death of James W. Fullbright which resulted from an automobile collision involving a truck driven by James Donald Cook, deceased. The crux of the suit was that James W. Fullbright's death was the proximate result of the negligence or wantonness of James Donald Cook in the operation of a truck. The plaintiff sought to establish liability on the part of the defendant, Clarence Cook, on two theories: agency and negligent entrustment. The case was submitted to the jury on both theories. The evidence showed that during the early morning hours of July 17, 1975, James Donald Cook, who left a party at a friend's home driving a red 1970 Chevrolet pickup truck, collided with an automobile operated by James W. Fullbright on Highway 202 in Calhoun County. In addition, there was evidence that during the party, Clarence Cook suggested to James Donald Cook that he go home and get in bed.
The verdict was in favor of the plaintiff in the sum of $100,000 against all defendants; judgment was entered accordingly. From denial of a motion for judgment notwithstanding the verdict, or in the alternative for a new trial, defendant Clarence Cook, individually and d/b/a's Cook's Auto Parts Company, brings this appeal.
Clarence Cook urges several grounds for reversal, however, his contention that the trial court erred in failing to grant the motion for new trial because the verdict was contrary to the weight of evidence is dispositive of this appeal.
The sole question under this assignment of error is whether the plaintiff met her requisite burdens of proof on the theories of respondeat superior and negligent entrustment to warrant submission of those issues to the jury.
We hold she did not, and the trial court erred in failing to grant defendant's motion for new trial.
 Respondeat Superior
Clarence Cook asserts that plaintiff did not establish an unrebutted presumption of the master-servant relationship between himself and James Donald Cook. We agree.
At trial, the plaintiff offered a tag receipt indicating the license tag of the 1970 red Chevrolet pickup truck driven by James Donald Cook had been purchased in the name of Cook's Auto Parts. Proof of the license tag receipt in the name of Cook's Auto Parts only raises a presumption that James Donald Cook was, by driving the vehicle, acting within the line and scope of his authority as the agent or servant of Clarence Cook.
In Red's Electric Co., Inc. v. Beasley, 272 Ala. 200,129 So.2d 676 (1961), we stated:
 "But this is an administrative presumption only, based upon considerations of fairness and convenience in placing the burden of proof, and is not in itself evidence. And if the evidence clearly, and without conflict, shows the truck was not being so operated, and the circumstances do not support a reasonable inference to the contrary, this administrative presumption gives way * * *" *Page 25 
Conceding that the tag receipt was sufficient to raise the administrative presumption of agency, we think that the presumption was adequately rebutted under the controlling case law on agency.
To recover against Clarence Cook upon the theory of respondeat superior, it was encumbent upon plaintiff to show that the collision occurred while James Donald Cook was within the scope of his employment and happened while he was in the accomplishment of objects within the line of his duties, or in or about the business or duties assigned to him.
Another principle, by which the facts must be tested, is that ordinarily an employee using an automobile, whether belonging to his master or to himself, in going to and from his place of work, is not at such times regarded as engaged in work for his master but is acting solely for his own purposes. Smith v.Brown-Service Insurance Co., 250 Ala. 613, 35 So.2d 490 (1948);Red's Electric Co. v. Beasley, supra.
The evidence adduced at trial on this point showed that James Donald Cook worked for Cook's Auto Parts the business hours of which were 7:30 a.m. to 5:00 p.m., Monday through Friday, and 7:30 a.m. to noon on Saturdays. The testimony was uncontradicted that the collision occurred shortly after 6:30 a.m. on July 17, 1975, and, at the time, James Donald Cook was traveling east on Highway 202 in Calhoun County away from his place of employment, Cook's Auto Parts. These two facts, uncontradicted, taken together were sufficient to rebut the presumption of agency.
The effects of rebutting the administrative presumption by the defendant were explained in Bishop v. Fordham, 265 Ala. 432, 92 So.2d 3 (1957), where we quoted Craft v. Koonce,237 Ala. 552, 187 So. 730 (1939):
 "* * * When plaintiff proves such ownership of the car by defendant, and thereby brings into being the presumption * * * he need not offer further proof that the operator of the car was the agent of defendant, and in the line and scope of his authority, until and unless defendant has offered proof that he was not acting for defendant in the line and scope of his authority * * *"
From a careful review of the record, we find an absence of any proof supporting plaintiff's theory of respondeat superior, save the presumption, which is not of itself evidence. Thus, from the facts and circumstances of this case we are compelled to conclude that, at the time of the collision in question, James Donald Cook was not engaged in the accomplishment of objects within the line of his duties, or in or about the business or duties assigned to him by his employer, Clarence Cook, but was, at such time, driving on a mission of his own.
 Negligent Entrustment
Counts II and III of the complaint claim that Clarence Cook was the owner of a truck which he negligently entrusted to James Donald Cook and knew, or had reason to believe, that James Donald Cook was intoxicated; further that the death of James W. Fullbright was proximately caused by that negligent entrustment.
The same principles discussed with reference to the administrative presumption of agency apply to the question of negligent entrustment. The tag receipt which was registered in the name of Cook's Auto Parts also raises the presumption that the truck was owned by Clarence Cook at that time. However, as mentioned before, this is only a presumption, and is rebuttable.
Of the evidence which rebutted this presumption, was the undisputed testimony of Clarence Cook that he gave the truck in question to James Donald Cook in March of 1975, almost four months before the fatal collision, with a bill of sale to James Donald Cook, evidencing this transaction. That clearly showed, without contradiction, the truck was given or sold to James Donald Cook before the collision.
We find the facts in the instant case similar to the factual setting in Shipp v. Davis, 25 Ala. App. 104, 141 So. 366 (1932). In Shipp, the Court of Appeals said: *Page 26 
 "* * * Whether by a gift or a sale when an automobile is placed in the possession and control of a person, sui juris, such transfer passes the title to the buyer or donee, and thereafter responsibility for its operation rests with such buyer or donee. * * *"
Recently in Land v. Niehaus, 340 So.2d 760 (Ala. 1976), we interpreted Shipp as requiring, in addition to passing title, that the donor or seller not retain any control or exercise any dominion over the property in order to be released from liability under the theory of negligent entrustment. In this case, the fact that James Donald Cook is an adult, living in his own home, with his own family, is indicative that he was not subject to control by his father, Clarence Cook, as was the minor child in Land. There is no evidence in the record which mentions any further control or dominion over the truck by Clarence Cook after the gift or sale. In fact, the evidence supports the view that James Donald Cook was indeed the owner. An example of such evidence was the testimony of a witness, who testified that James Donald Cook rarely used the truck, but rather his wife was the constant user.
Thus, Clarence Cook had no control over the truck, or the person of his son, at the time of the collision which would render him liable for the negligence of his son, James Donald Cook.
For the reasons discussed above, the trial court erred in denying the motion for new trial of defendant, Clarence Cook. The judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, JONES and ALMON, JJ., concur.