This is a suit for injuries allegedly arising from the negligent operation of an automobile. Defendant Mitchell, the operator of the car, was served but failed to appear at trial; and the court entered a default judgment against him in the amount of $10,000. That judgment is not contested on appeal. At the close of testimony, the trial court entered a directed verdict in favor of the owner of the car, defendant/Mrs. Eloise Smith. The plaintiffs appealed and argue that two rulings require reversal:
1) The trial court's refusal to grant a continuance in order to obtain the presence of Mitchell constitutes an abuse of its discretion; and
2) The trial court's granting Mrs. Smith's motion for a directed verdict.
The accident involved occurred when Mrs. Smith's automobile, driven by Mitchell, made a left turn in front of a van owned and operated by plaintiffs, Tillman and Patricia Perdue. Mrs. Smith was not in the car at the time of the collision. Plaintiffs base their claim against her on two theories: 1) Vicarious liability and 2) negligent entrustment.
The record shows that Mrs. Smith is elderly and infirm and depends on friends and relatives to chauffeur her about. On the day of the accident, she arranged for defendant Mitchell, a seventeen-year-old boy, to drive her to her brother's house in Coldwater, Alabama, where she intended to preserve peaches. Before leaving Montgomery, Mrs. Smith and the Mitchell boy stopped at the farmers' market where Mrs. Smith was to buy the peaches. While she was inside the market, Mitchell drove off in *Page 652 
the car and collided with plaintiffs' van. Mrs. Smith was left stranded at the farmers' market and, after trying to locate her car for two hours, she got a ride home. She testified that she attempted to have the Mitchell boy arrested but was told by the police that she would have to report it to the juvenile authorities. She testified that she did so. She learned of the accident during the afternoon. Her automobile was a total loss. Plaintiffs contend that Mitchell had permission to use Mrs. Smith's car at the time of the accident and was, therefore, acting as her agent.
On the morning of trial, plaintiffs moved for a continuance because Mitchell had not appeared in court. Plaintiffs argued that Mitchell's testimony was necessary to prove the case against Mrs. Smith. The motion was denied.
Continuances are not favored and the trial court's denial of a motion for continuance will be upset only when palpable or gross abuse of discretion is shown. Johnson Publishing Co. v.Davis, 271 Ala. 474, 124 So.2d 441 (1960). It is not an abuse of discretion to overrule a motion for continuance because of the absence of a witness where plaintiff fails to show due diligence by taking a deposition or procuring compulsory process. Knowles v. Blue, 209 Ala. 27, 95 So. 481 (1923). To warrant a continuance because of the absence of a witness:
 ". . . it must be shown (1) that the expected evidence will be material and competent; (2) a probability that the testimony can be obtained at a future date to which the cause may be continued or postponed; (3) due diligence having been exercised by the movant to secure the absent witness or evidence; (4) the expected evidence must be credible and will probably affect the result; (5) the evidence must not be merely cumulative or impeaching; (6) that the motion for continuance is not made merely for purposes of delay. . . ." Ex parte Driver, 258 Ala. 233, 237, 62 So.2d 241, 243 (1952).
Huskey v. W.B. Goodwyn Co., Inc., 295 Ala. 1, 321 So.2d 645
(1975), the sole case cited by plaintiffs in support of their contention that the trial court abused its discretion, does not support their position. That case deals with the propriety of allowing amendments to a complaint following entry of a pre-trial order. After addressing that issue, the court suggested by way of dictum that, as a result of its ruling, the parties might wish to request a continuance, and that such a request should be granted since ". . . a continuance before the beginning of trial does not, in the usual case, unduly delay litigation, and should be granted whenever it is necessary to achieve a just determination on the merits." (295 Ala. at 8,321 So.2d at 649) This statement does not conflict with the above-stated formulations of the limits on a trial court's discretion.
Although counsel for the plaintiffs had a subpoena served on Mitchell, and telephoned his home, he made no effort to take Mitchell's deposition. He stated that he believed Mitchell to have fled the state to avoid trial, but offered no assurance that he could be located or brought to trial at a later date. Mrs. Smith was present and ready for trial. Given these circumstances, and Mrs. Smith's age and infirmity, it was not an abuse of discretion to deny the motion for a continuance. Plaintiffs made no effort to secure Mitchell's testimony; nor did they show a probability that his testimony could be obtained at a later date.
Because no evidence whatever was presented on the issue of negligent entrustment, we are concerned here solely with the issue of vicarious liability.
A directed verdict is proper in two circumstances:
 ". . . First, where there is a complete absence of pleading or proof on an issue or issues material to the cause of action or defense, and second, where there are not any controverted issues of fact upon which reasonable men could differ [Citation Omitted]." Loeb and Co., Inc. v. Martin, 295 Ala. 262, 264, 327 So.2d 711, 712 (1976). *Page 653 
ARCP 50, which establishes the directed verdict device, specifically incorporates the scintilla rule. The appellate court must, therefore, examine the record to see if there exists ". . . a mere gleam, glimmer, spark, the least particle, the smallest trace, or a scintilla in support of the theory of the complaint. . . ." Kilcrease v. Harris, 288 Ala. 245, 252,259 So.2d 797, 802 (1972).
An examination of the record reveals that the plaintiffs failed to introduce any testimony which would support their contention that Mitchell was operating the vehicle with Mrs. Smith's permission at the time of the accident. Mrs. Smith does not contest plaintiffs' assertion that Mitchell was operating the vehicle as her agent while she was with him in the car. She does contend, however, that she did not authorize him to take the car while she was inside the farmers' market, and that he was performing no business for her when he did so. To recover for damages for injuries sustained in an automobile accident against the driver's employer upon a theory of respondeat superior, it is incumbent upon plaintiff to prove that the collision occurred while the driver was within the scope of his employment, and happened while he was in the accomplishment of objectives within the line of his duties. Cook v. Fullbright,349 So.2d 23 (Ala. 1977).
The facts establish only that Mitchell was authorized to drive Mrs. Smith to Coldwater, not to use the car in her absence. The only testimony introduced on that subject was that of Mrs. Smith and Sandra Judy, Mitchell's mother. Mrs. Smith denied that she had given Mitchell permission to use the car. Mrs. Judy testified that Mrs. Smith telephoned her home asking for Mitchell's whereabouts, stating that he was supposed to be waiting for her at the market.
Plaintiffs are forced to fall back on an administrative presumption of agency raised by proof of Mrs. Smith's ownership of the car. They cite Alabama Power Co. v. McGehee, 228 Ala. 505,509, 154 So. 105, 108 (1934), to the effect that:
 ". . . proof of ownership of an automobile causing injury raises an administrative presumption that the person in possession and control of the automobile is the agent or servant of the owner, and is acting within the line and scope of his employment. (Citations Omitted)
 "The effect of these presumptions as stated in Tullis v. Blue, 216 Ala. 577, 578, 114 So. 185, 187
is: `* * * They are prima facie presumptions merely, or, as they are sometimes called, administrative presumptions, based upon considerations of fairness and convenience in placing the burden of proof. They are not in themselves evidence, and in practice their effect is merely to impose upon the defendant (the owner of the car) the burden of showing that the driver was not his agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment. If the evidence thereon is in conflict, or leads to doubtful inference only, the issue should go to the jury. If, however, the evidence, without dispute, rebuts the facts thus presumed, there is no issue for the jury, and the general affirmative charge should be given for the defendant on request. Dowdell v. Beasley, 205 Ala. 130, 87 So. 18.'"
The holding of McGehee, supra, has been reaffirmed as recently as Cook v. Fullbright, supra, and Teague v. Motes, 57 Ala. App. 609, 330 So.2d 434 (1976). Both decisions postdate the passage of the new Rules which substitute the directed verdict for the affirmative charge mentioned in McGehee. Rule 50, Committee Comments.
By proving Mrs. Smith's ownership of the vehicle, plaintiffs passed to her the burden of showing that Mitchell was not acting as her agent at the time of the accident. She testified that Mitchell was not acting on her behalf; that, to the contrary, he stole her automobile and left her stranded. This testimony was clear and undisputed. The plaintiffs did not offer any evidence that Mitchell was acting within the scope of his employment, or that he was a permissive user of the car at the time of the accident. In these circumstances, a directed verdict was appropriate. *Page 654 
The judgment appealed from is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.