393 So.2d 988 (1981)
Iven HARVILLE et al.
v.
J. W. GOZA.
79-864.
Supreme Court of Alabama.
January 29, 1981.
Robert B. French, Jr., Fort Payne, for appellants.
Loma B. Beaty, Fort Payne, and Terry T. Bush, Rainsville, for appellee.
FAULKNER, Justice.
In Harville's brief this statement appears: "The outcome of this case before this Court turns on whether Alabama actually has a scintilla rule, or whether this state has the substantial evidence rule and calls it a scintilla rule."
The scintilla rule permits a case on motion for a directed verdict, to go to the jury where there is a scintilla of evidence to support the theory of the complaint. Perdue v. Mitchell, 373 So.2d 650 (Ala.1979). But, when a motion for judgment notwithstanding the verdict is filed, the trial judge must determine whether there is sufficient evidence to support the jury verdict. The motion for JNOV preserves appellate review of the sufficiency of the evidence. The Great Atlanta and Pacific Tea Company, Inc. v. Sealy, 374 So.2d 877 (Ala.1979). For a party to be entitled to a JNOV, he must have made a motion for a directed verdict. A motion for JNOV without having moved for a directed verdict at the proper time will be denied. 9 C. Wright & A. Miller, Federal Practice and Procedure § 2537 (1971). See also The Great Atlantic and Pacific Tea Company, Inc. v. Sealy.
In the case before us, Goza moved for a directed verdict at the close of the evidence. The motion was denied and the case went to the jury under the scintilla rule. After the jury's verdict, Goza moved for a JNOV on the ground that the evidence was insufficient to support the verdict awarding *989 plaintiffs $32,500.00 damages in a suit for an accounting.
We, without setting it out, have reviewed the evidence as to its sufficiency to support the verdict. We find it to be insufficient. So, returning to square-one of Harville's statement, we have two standards of review, one for motions for directed verdict, the other for motions for JNOV.
The order of the trial court granting the motion for JNOV is affirmed.
AFFIRMED.
TORBERT, C. J., and ALMON and ADAMS, JJ., concur.
EMBRY, J., concurs specially.
EMBRY, Justice (concurring specially):
A word or two regarding the amorphous scintilla rule.
To assume that this rule serves any useful purpose in the law is to engage in the most chimerical of suppositions. To at once require a case to be submitted to a jury's consideration if there be a gleam, a spark, a glimmer, of evidence to support a theory of recovery, and then to require that the trial court set aside a verdict supported only by that scintilla, seems to me a gross anomaly and ridiculous dissipation of the time and energy of our judicial system.
In all the thirty-four years of my presence at the bar, never have I observed a claim meriting recovery supported merely by a scintilla of evidence and if, per chance, a jury mistakenly rendered an award, then, of course, it was duly set aside.
Would it not be far better, from every standpoint, to require there be sufficient evidence to support a verdict before submitting a case to a jury authorized to render one?