This is an appeal from a summary judgment entered in favor of Defendants in an action for the tort of outrageous conduct. We affirm.
At approximately 11:30 p.m. on September 4, 1982, Plaintiff, Bertha Nabors, an employee of Shelby Memorial Hospital ("SMH"), clocked out, walked to her car in a visitors' parking lot at SMH, and got in her car. Plaintiff, however, got out of the car to wipe moisture from the rear window. The car began to roll in the sloped parking lot and, in trying to re-enter and stop her car, Plaintiff slipped and fell and was run over by the car. She suffered severe injuries to her back and legs.
Plaintiff sued St. Paul Insurance Company (the workmen's compensation carrier for SMH) and Janice Slimp (the St. Paul claims representative assigned to Plaintiff's claim) for outrageous conduct in handling and denying Plaintiff's claim for workmen's compensation benefits. Plaintiff claimed that, after stipulating that her injuries were compensable, Defendants intentionally and unreasonably delayed payment of benefits due Plaintiff, thereby causing severe emotional distress to Plaintiff.
Plaintiff, recognizing the bar to suing Defendants for bad faith refusal to pay workmen's compensation benefits, as found in the exclusivity of remedies provisions of Code 1975, §§25-5-52, -53 (the workmen's compensation statute) (see, for example, Bearden v. Equifax Services, 455 So.2d 836 (Ala. 1984), and the cases cited therein), brought this action for the tort of outrage. Her claim of outrageous conduct, however, while not barred by the workmen's compensation statute, is an action difficult of proof and one for which recovery may be had only upon meeting all the elements of the stringent standard announced in American Road Service Co. v. Inmon, 394 So.2d 361
(Ala. 1980):
 "[W]e now recognize that one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from the distress. The emotional distress thereunder must be so severe that no reasonable person could be expected to endure it. Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme. Comment [Restatement (Second) of Torts § 46,] at 78. By extreme we refer to conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society. Comment (d), [Restatement (Second) of Torts § 46] at 72. See also Prosser, Law of Torts (4th ed.) at 56-60 and Wade, [Tort Liability for Abusive and Insulting Language, 4 Vand.L.Rev. 63, 100] for instances which clearly fall within the principle." 394 So.2d at 365. *Page 575 
We have reviewed the same evidence which was before the trial court — a plethora of depositions, motions, briefs, and supporting and opposing affidavits. We reach the same conclusion as did the trial court: There is nothing in the record before us which points to conduct in Defendants "so extreme in degree as to go beyond all possible bounds of decency," or conduct which could be "regarded as atrocious and utterly intolerable in a civilized society." Therefore, the judgment appealed from is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES, BEATTY and ADAMS, JJ., concur.