STEAGALL, Justice.
James Alfred Barksdale appeals from a judgment based on a directed verdict granted in favor of the defendants. We affirm.
Barksdale filed a complaint against J.B. Walters and Richard McKay, alleging that their negligence and/or willful, wanton, and intentional conduct caused his injuries.
Barksdale was an employee of the St. Clair County Road Department for approximately eleven years prior to his injury on October 1, 1984. Due to a previous back injury, Barksdale had been away from his job; he was returning to work on October 1, 1984, with a release from his doctor specifying work on a light-duty basis only. Upon arrival for work at the county shop, Barksdale presented the release to the head of the engineering department, who communicated the work restrictions to Walters and McKay. Walters was the superintendent of the road department and McKay was a foreman in charge of the crew to which Barksdale was assigned.
Before Barksdale was given an assignment for the day, a discussion occurred among Barksdale, Walters, and McKay concerning what Barksdale’s assignment should be. Barksdale testified that he told Walters and McKay that he could not work in the county shop, but that he could “flag.” He further testified that after arriving at the work site, Walters and McKay reassigned him to the operation of a rubber-tire roller. The roller was used to pack gravel. Both Walters and McKay testified that Walters offered to let Barksdale answer the phone in the county shop; that Walters asked if Barksdale could “flag,” but that Barksdale said that “flagging” would hurt his legs; that Walters asked Barksdale what he wanted to do, and Barksdale said he wanted to go with his regular crew. The work of the regular crew consisted of paving roads, building bridges, and maintaining roads.
A directed verdict is proper where there is a complete absence of proof on issues material to the cause of action or where there are no controverted issues of fact upon which reasonable men could differ. Perdue v. Mitchell, 373 So.2d 650 (Ala.1979). On appeal from a judgment on a directed verdict, an appellate court must examine the record to see if a scintilla of evidence exists in support of the theory of the complaint. Perdue v. Mitchell, supra.
It appears from the record in the instant case that the directed verdict was granted for the defendants because there was no evidence that operating a roller was not light-duty work. Barksdale testified that operating a roller was more difficult than “flagging.” Walters and McKay testified that operating the roller would be easier than “flagging” and that driving an automobile would be easier than operating a roller.
Although there is some dispute over whether Walters and/or McKay told Barks-dale to operate the roller, there is no evidence that operating a roller is not light duty; thus, there is no evidence of negligence or other improper conduct on the part of Walters or McKay in assigning Barksdale to this job. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.