Wilbur Oliver brought an action against Liberty Mutual Insurance Company, alleging *Page 1026 
the tort of outrageous conduct. After a workplace injury on October 28, 1986, Oliver paid his medical bills of $11.00 and $89.60. Liberty Mutual, his employer's workmen's compensation insurance carrier, reimbursed him promptly for the $11.00 expenditure, but allegedly did not reimburse the $89.60 before Oliver filed this action on October 16, 1987. Liberty Mutual's evidence indicated that it did promptly send a check for the $89.60 claim but that that check was never cashed. The claim was filed in late December 1986 or early January 1987. Oliver asserts that he inquired by telephone about the $89.60 claim, but he does not recall to whom he spoke. His only written inquiry was made by his attorney and was dated September 3, 1987.
This Court has held that a claim for bad faith failure to pay an insurance claim in the context of workmen's compensation claims is barred by the workmen's compensation exclusivity provisions, but that a claim based on the tort of outrage is not barred. Nabors v. St. Paul Ins. Co., 489 So.2d 573 (Ala. 1986); Garvin v. Shewbart, 442 So.2d 80 (Ala. 1983). The facts alleged herein, however, do not state an actionable claim of outrage. See American Road Service Co. v. Inmon, 394 So.2d 361
(Ala. 1980). Therefore, the trial court did not err in entering summary judgment for Liberty Mutual.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.