KENNEDY, Justice.
The plaintiffs, Bobbie J. Nabors and Carl Nabors (wife and husband), appeal from a summary judgment in favor of the defendant, The Travelers Insurance Company (“Travelers”), made final pursuant to Rule 54(b), A.R.Civ.P. We affirm.
The issue is whether the plaintiffs produced proof by substantial evidence to support a claim for the tort of outrageous conduct.
Mrs. Nabors incurred an on-the-job injury to her lower back in November 1985. She was employed at the time by American Recreation Products (“American”). Travelers was American’s workman’s compensation insurance carrier. In 1987, Mrs. Na-bors entered into a court-approved settlement agreement with Travelers that provided for the payment of future medical benefits for claims arising out of the injury sustained in November 1985. Thereafter, she periodically received treatments for pain in her lower back at the Brookwood Pain Management Center (“Pain Center”) and from Dr. Walter R. Whitehurst at Brookwood Medical Center. She also received treatments from a psychiatrist, Dr. Allie Boyd, for depression and anxiety.
In June 1987, Mrs. Nabors became employed at ARC Group Home, a home for mentally retarded and handicapped persons. Sometime prior to August 31, 1987, she experienced pain in her lower back after helping a wheelchair-bound patient. She did not report the incident to her employer; however, she went to the Pain Center for treatment. The “after-care visit” report dated August 31, 1987, prepared by Linda McCoy at the Pain Center, stated that Mrs. Nabors reported that she had suffered a “back strain” after treating or assisting a patient at her new place of employment.
Jan Craig, the Travelers claims adjuster who had handled Mrs. Nabors’s claims for about two years, received a copy of the August 31, 1987, “after-care visit” report. She testified, by affidavit, that she became concerned that Mrs. Nabors “had sustained a new on-the-job injury while working under her new employer.” In her deposition testimony, Craig said that the Travelers coverage pursuant to the settlement agreement would not pay for a new injury and that such an injury would be covered by her new employer’s Insurance carrier. Craig received and reviewed the medical records and discussed the matter of terminating Mrs. Nabors’s insurance coverage under the settlement agreement with two other Travelers claims supervisors. However, Craig did not call Mrs. Nabors’s employer to inquire as to any reports of a new on-the-job injury, nor did she request that Mrs. Nabors see a doctor to verify that a new injury had occurred. On December 10, 1987, Craig decided to terminate Mrs. Na-bors’s insurance coverage based on the August 31, 1987, “after-care visit” report and notified Mrs. Nabors’s attorney of her decision.
On December 14, 1987, Mrs. Nabors went to Brookwood Medical Center’s emergency room, complaining of lower back pain. However, she was told that she could not be admitted, because Travelers *310 refused to verify insurance coverage. The next day, she received Craig’s letter stating that Travelers would not pay any claims made after August 31, 1987, because she had incurred a new injury at her new workplace. Mrs. Nabors claimed that no new injury had occurred, and Dr. Whitehurst sent a letter to Travelers stating that there had not been a new injury but merely an “aggravation of the pain for which she has been treated in the past.” Nevertheless, Travelers denied coverage, and in May 1988, the Naborses sued Travelers, alleging the tort of outrageous conduct.[1] They claimed that Travelers acted in an outrageous manner toward them by recklessly and intentionally denying payment of medical expenses and by flagrantly violating the court-approved settlement agreement. They further averred that Travelers had recklessly and intentionally inflicted severe emotional distress upon them. The trial court entered a summary judgment in favor of Travelers, and the Naborses appealed.
The Naborses argue that there was proof by substantial evidence that Travelers acted in an outrageous manner towards them and that the trial court erred in entering a summary judgment for Travelers. We disagree.
A claim for the tort of outrageous conduct against an insurance company is not barred by the workman’s compensation statutes. Lowman v. Piedmont Executive Shirt Manufacturing Co., 547 So.2d 90 (Ala.1989). This Court has held that:
“[Tjhis tort does not recognize recovery for ‘mere indignities, threats, annoyances, petty oppressions, or other trivialities.’ ... The principle applies only to unprivileged, intentional or reckless conduct of an extreme and outrageous nature, and only that which causes severe emotional distress....
“... The emotional distress thereunder must be so severe that no reasonable person could be expected to endure it. Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is ex-treme_ By extreme we refer to conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.”
American Road Service Co. v. Inmon, 394 So.2d 361, 364-65 (Ala.1980); see also Kizziah v. Golden Rule Ins. Co., 536 So.2d 943 (Ala.1988); Nabors v. St. Paul Ins. Co., 489 So.2d 573 (Ala.1986); Restatement (Second) of Torts, § 46 (1948).
We have reviewed the evidence that was before the trial court. We find no evidence, showing outrageous conduct, of “such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven.” Code 1975, § 12-21-12. The evidence, viewed in a light most favorable to the Naborses, was therefore not “substantial” and did not present an issue as to any material fact. Travelers was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.
Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.

. Mr. Nabors alleged that he, being the husband of Mrs. Nabors, had been charged with the responsibility of paying the medical expenses incurred by his wife, which the defendants had refused to pay.