I concur with the majority with respect to its holding on the issue of outrageous conduct. However, with respect to the issue of bad faith, I believe that the majority opinion relies on authority that is no longer applicable, and I must respectfully dissent.
In Lowman v. Piedmont Exec. Shirt Mfg. Co., 547 So.2d 90
(Ala. 1989), the main issue was "how far the exclusivity provisions of the Workmen's Compensation Act extend." Id. at 92. After an examination of the relevant statutes, this Court held that "the exclusive remedy provisions were not designed to shield an employer or its insurer from the entire field of tort law." Id. (emphasis added). More specifically, this Court held that "the exclusivity provisions of the [Alabama Workmen's Compensation] Act do not afford protection for injuries not
caused by a job related accident," id. at 93 (emphasis original), and that "intentional tortious conduct . . . committed beyond the bounds of the employer's proper role is actionable." Id. at 95.
The rationale for the holding in Lowman was simply that in order for an act to be compensable under the Workmen's Compensation Act (hereinafter "the Act") the injury must occur within the course of employment. "It logically follows that if an accident is not compensable because it is outside the coverage of the Act, then the exclusive remedy provisions of the Act are also inapplicable." Id. at 93.
In the present case, as in Lowman, the relationship between the initial work-related accident and the tortious conduct complained of is entirely too tenuous to allow Continental Casualty to invoke the coverage of the Act and thereby avoid liability for its wrongdoing. In Lowman we found this "bootstrapping" approach untenable, and it should not be accepted in the present case.
Although the actionable conduct alleged in theLowman case was fraud and the tort of outrageous conduct, this Court relied on a case that involved the tort of bad faith,Carpentino v. Transport Ins. Co., 609 F. Supp. 556 (D.Conn. 1985), in justifying its reasoning in Lowman. In Alabama the tort of bad faith is "an intentional tort, a species of fraud."Vincent v. Blue Cross-Blue Shield of Alabama, Inc.,373 So.2d 1054, 1064 (Ala. 1979) (Jones, J., concurring). Therefore, under the Lowman decision, the exclusivity clause should not act as a bar to the plaintiff's claim of bad faith.
In Lowman, this Court determined that the Act's exclusivity provisions are no bar to actions alleging intentional torts occurring outside the scope of employment. I find no just reason why this Court should now refuse to allow the plaintiff's bad faith cause of action. In the present case, the plaintiff made a prima facie case of Continental Casualty's bad faith refusal to pay an insurance claim, under the elements set out by this Court in Tyson v. Safeco Ins. Cos., 461 So.2d 1308
(Ala. 1984). Because the tort of bad faith is an intentional tort and a species of fraud that, under the Lowman decision, is not barred by the Act's exclusivity clause, I would reverse the trial court's dismissal of the plaintiff's bad faith claim.
The principal cases that the majority relies upon in refusing to allow a recovery for bad faith under the Act were either expressly or impliedly overruled by this Court inLowman:
 "To the extent that Glenn v. Vulcan Materials Co., 534 So.2d 598 (Ala. 1988); Garnett v. Neumann, 507 So.2d 496 (Ala. 1987); Moore v. Liberty Mutual Ins. Co., 468 So.2d 122 (Ala. 1985); Garvin *Page 720 v. Shewbart, 442 So.2d 80 (Ala. 1983); Waldon v. Hartford Ins. Group, 435 So.2d 1271 (Ala. 1983), and other cases may be interpreted as rejecting claims for intentional fraud, as a matter of law, those cases are overruled."
Lowman, 547 So.2d at 95.
I note that the majority also cites Oliver v. Liberty Mut.Ins. Co., 548 So.2d 1025 (Ala. 1989), which stated in dictum that "[t]his court has held that a claim for bad faith failure to pay an insurance claim in the context of workmen's compensation claims is barred by the workmen's compensation exclusivity provisions, but that a claim based on the tort of outrage is not barred." Id. at 1026.
In support of this proposition, the Court in Oliver cited cases that had been overruled by Lowman. The above-quoted dictum is not the law in Alabama. I concurred in Oliver because the facts of that case did not support the claim of outrageous conduct and the plaintiff did not allege the tort of bad faith failure to pay. In the present case, however, the tort of bad faith, in the context of the Workmen's Compensation Act, is squarely before this Court, and in light of the Lowman decision it should not be barred by the Act's exclusivity provisions.
ADAMS, J., concurs.