576 So.2d 158 (1991)
Patricia Lynn FARLEY
v.
CNA INSURANCE COMPANY.
89-1014.
Supreme Court of Alabama.
January 11, 1991.
Stephen D. Heninger, Birmingham, for appellant.
F. Chadwick Morris and N.T. Braswell III of Rushton, Stakely, Johnston & Garrett, Montgomery, for appellee.
SHORES, Justice.
Patricia Lynn Farley was injured on her job at Chase Pointe Casuals, Inc., in Selma, Alabama, on October 29, 1984, when her hand was crushed between two steel doors. *159 From this injury she developed reflex sympathetic dystrophy. Ms. Farley filed a complaint on October 24, 1985, seeking workmen's compensation benefits and alleging negligence, wantonness, and bad faith against CNA Insurance Company for failure to pay those benefits to her. Her complaint was amended to include an allegation of outrageous conduct.
On September 22, 1986, a stipulation for settlement was filed by the parties, which provided the plaintiff with a $10,000 workmen's compensation indemnity settlement with medical payments left open. A satisfaction of judgment was filed by the plaintiff on the same date.
CNA filed a motion for summary judgment, which was argued and denied on March 8, 1990. This motion was renewed by CNA at the beginning of the trial of the case. The trial court granted the motion for summary judgment as to the claim of bad faith, leaving the remaining issue of outrageous conduct for the jury. At the conclusion of all the evidence, the trial court directed a verdict in favor of CNA, on that sole remaining issue. The plaintiff appeals from the summary judgment on the claim of bad faith and from the judgment entered on the directed verdict on the claim of outrageous conduct.
Did the trial court err in entering the summary judgment on the bad faith claim? This Court has held that a bad faith claim against a workmen's compensation insurance carrier is barred by the exclusivity provisions of the Alabama Workmen's Compensation Act, Ala.Code 1975, §§ 25-5-11, -52 and -53. Garvin v. Shewbart, 442 So.2d 80 (Ala.1983); Waldon v. Hartford Insurance Co., 435 So.2d 1271 (Ala.1983); Gibson v. Fidelity & Casualty Co. of New York, 454 So.2d 526 (Ala.1984). We stated in Oliver v. Liberty Mutual Ins. Co., 548 So.2d 1025 (Ala.1989):
"This Court has held that a claim for bad faith failure to pay an insurance claim in the context of workmen's compensation claims is barred by the workmen's compensation exclusivity provisions, but that a claim based on the tort of outrage is not barred. Nabors v. St. Paul Ins. Co., 489 So.2d 573 (Ala.1986); Garvin v. Shewbart, 442 So.2d 80 (Ala.1988)."
548 So.2d at 1026. Therefore, the trial court correctly entered the summary judgment as to the plaintiff's bad faith claim.
Did the trial court err in directing a verdict as to the outrageous conduct claim? A directed verdict is proper only if there is complete absence of proof on an issue material to the claim, or where there are no disputed questions of fact on which reasonable people could differ. Ford Motor Co. v. Phillips, 551 So.2d 992, 994 (Ala. 1989); Barksdale v. Walters, 505 So.2d 1216, 1217 (Ala.1987).
This Court outlined the conduct that would give rise to liability for outrageous conduct in the seminal case of American Road Service Co. v. Inmon, 394 So.2d 361 (Ala.1980):
"[W]illful wrongs, or those made so recklessly as to equate willfulness, authorize recovery in damages for the mental suffering caused thereby, and we now recognize that one who by extreme and outrageous conduct intentionally and recklessly causes severe emotional distress to another is subject to liability for emotional distress and for bodily harm resulting from the distress. The emotional distress they are under must be so severe that no reasonable person could be expected to endure it. Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme. Comment, Restatement [(Second) of Torts, § 46 (1965)], at 78. By extreme we refer to conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society. Comment (d), Restatement, supra at 72."
394 So.2d at 365.
We have previously recognized that the tort of outrageous conduct can exist in a workmen's compensation setting. Garvin v. Shewbart, supra; Lowman v. Piedmont Exec. Shirt Mfg. Co., 547 So.2d 90 (Ala. 1989); Continental Casualty Ins. Co. v. *160 McDonald, 567 So.2d 1208 (Ala.1990). We must determine whether the plaintiff met the burden of submitting substantial evidence supporting her allegation of outrageous conduct so as to allow a jury's consideration of her claim.
The plaintiff contends that the trial court utilized a "clear and convincing" test, rather than a "substantial evidence" test, which has been held to be the proper standard in these cases. Nabors v. Travelers Ins. Co., 551 So.2d 308, 310 (Ala.1989). It is evident from the record that the trial judge weighed the evidence correctly. The trial judge quoted Lowman, supra, and made reference to "evidence that, if accepted and believed by the jury, would qualify as clear and convincing proof of fraud." (R. 298.) In making this analogy, the trial judge was merely attempting to state what he correctly perceived to be the heavy burden placed upon the plaintiff attempting to make out a case of outrageous conduct.[1] We have said that the "[p]laintiff must show that the conduct is so outrageous in character and so extreme in degree so as to be regarded as atrocious and utterly intolerable in a civilized society. Cates v. Taylor, 428 So.2d 637 (Ala.1983)." Garvin v. Shewbart, supra, at 83. As we said in Inmon, supra, this tort does not recognize recovery for mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. 394 So.2d at 364-65. In explaining the direction of a verdict for the defendant, the trial judge characterized the evidence presented as not rising to the level required.
Ms. Farley contends that the course of conduct by CNA in its handling of her claim constitutes outrageous conduct. We disagree. We have carefully reviewed the evidence, and we conclude that the evidence presented was not sufficient to meet the standard of outrageous conduct.
While CNA's records indicate an unsympathetic attitude on the part of the CNA claims adjustment agents toward the claimant, we find no evidence rising to the level of outrageous conduct. The evidence does reflect that CNA agents gave her "the runaround." Her medical bills were not timely paid, and she was sent to various doctors. The medical treatment she sought was not always authorized. However, "there is clearly a threshold beyond which an insurance company's recalcitrance must go before it crosses into outrageous conduct." Continental Casualty Ins. Co. v. McDonald, supra. We find that the conduct in this case did not cross this threshold.
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HOUSTON, JONES, STEAGALL and KENNEDY, JJ., concur.
HORNSBY, C.J., concurs in part and dissents in part.
HORNSBY, Chief Justice (concurring in part and dissenting in part).
I concur with the majority with respect to its holding on the issue of outrageous conduct. However, I must respectfully dissent as to the bad faith issue. As I stated in my dissent in Wooley v. Shewbart 569 So.2d 712 (Ala.1990) (Hornsby, C.J., dissenting), I believe that the exclusivity clause in the Workmen's Compensation Act should not act as a bar to the plaintiff's claim of bad faith.
NOTES
[1] See Continental Casualty Ins. Co. v. McDonald, supra, for a listing of 13 cases in which the alleged conduct did not present a jury question on the tort of outrage.