STEAGALL, Justice.
Paul Oates, as administrator of the estate of Margaret Oates, appeals from a summary judgment entered in favor of Chris Meyers Pontiac-GMC, Inc., in an action alleging a wrongful death resulting from a rear-end collision of a Nissan automobile and a tractor-trailer truck.
The Nissan automobile was driven by Joseph F. Veasey, who, at the time of the collision, had a blood alcohol content of .246%; Margaret Oates was a passenger in the automobile. Approximately four months before the accident, General Motors Acceptance Corporation (“GMAC”) *1336 had purchased the automobile from Chris Meyers Pontiac-GMC; GMAC then leased the automobile to Veasey. Paul Oates alleges that Chris Meyers Pontiac-GMC negligently entrusted the automobile to Veas-ey, specifically, that it entrusted the automobile to Veasey with knowledge that Veasey was an incompetent driver.
Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; RNH, Inc. v. Beatty, 571 So.2d 1039 (Ala.1990). This case was filed on October 28, 1986, before the scintilla evidence rule was abolished. See Ala.Code 1975, § 12-21-12. Once the moving party has made a prima facie showing that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law, the burden shifts to the nonmoving party to overcome that showing by presenting at least a scintilla of evidence creating a genuine issue of material fact. Bogle v. Scheer, 512 So.2d 1336 (Ala.1987).
The trial court entered a summary judgment for Chris Meyers Pontiac-GMC, finding that under Shipp v. Davis, 25 Ala. App. 104, 141 So. 366 (1932), Paul Oates could not recover against Chris Meyers Pontiac-GMC. In Shipp v. Davis, the Court of Appeals stated:
“Whether by a gift or a sale when an automobile is placed in the possession and control of a person, sui juris, such transfer passes the title to the buyer or donee, and thereafter responsibility for its operation rests with such buyer or donee. If, however, at the time of delivery of possession and control, the receiving party was by reason of intoxication or other cause incapacitated from driving the machine with reasonable safety to the public, a different rule would apply.”
25 Ala.App. at 106, 141 So. at 367.
In Land v. Niehaus, 340 So.2d 760 (Ala.1976), this Court interpreted Shipp v. Davis and held that in order for a seller or donor to be released from liability under a negligent entrustment theory, there must be a transfer of ownership to the buyer or donee and relinquishment of control or dominion over the property by the seller or donor. See, also, Cook v. Fullbright, 349 So.2d 23 (Ala.1977).
Chris Meyers Pontiac-GMC made a showing that it sold the Nissan automobile to GMAC approximately four months before the accident and that it had retained no control or dominion over the automobile. The plaintiff did not rebut that showing. Therefore, the trial court correctly entered the summary judgment for Chris Meyers Pontiac-GMC.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.