MONROE, Judge.
This is an appeal from a summary judgment in favor of a workmen’s compensation carrier and two of its employees on tort claims arising from the carrier’s delay in paying benefits.
In June 1983, Bruce Jones was badly injured in an explosion at the Virginia Chemicals plant in Mobile County, where he worked as an assistant control room operator. The explosion left Jones permanently and totally disabled. He made a claim for workmen’s compensation benefits under the Alabama Workmen’s Compensation Act. Virginia Chemical’s workmen’s compensation insurance carrier at the time, Northwestern National Insurance Company, settled the disability portion of the claim, but remained hable for Jones’s future medical expenses resulting from injuries he received in the explosion.
Northwestern contracted with Crawford & Company to act as claims adjuster to handle ongoing medical expense claims made by injured workers and to see that expenses incurred as a result of on-the-job injuries were paid. Crawford & Company has handled Jones’s claims since 1993. Wayne Kruse, an adjuster for Crawford & Company, handled Jones’s claims during the time in question. Don Payne was a branch manager for Crawford & Company, and was Kruse’s supervisor during the time in question.
Jones’s complaint involved Crawford & Company’s delay or failure to pay certain medical bills incurred between December 1992 and September 1993 as a result of his work-related injuries. In his original complaint, which named Crawford & Company, Kruse, Payne, Virginia Chemicals, and Northwestern as defendants, Jones alleged breach of agreement, intentional infliction of emotional distress, and outrageous conduct. He later amended his complaint to allege fraud and bad faith. The defendants moved for summary judgments, and the trial court entered a summary judgment in favor of each defendant as to all counts. Jones appealed only the summary judgments in favor of Crawford, Kruse, and Payne to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7, Ala. Code 1975.
To enter a summary judgment, the trial court must determine that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989).
“[T]o defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present ‘substantial evidence,’ i.e., ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).” Altadena Valley Golf & Country Club v. Blue Cross & Blue Shield of Alabama, 644 So.2d 913, 915 (Ala.1994).
“On a motion for summary judgment, when the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to show ‘substantial evidence’ in support of his or her position. Bean v. Craig, 557 So.2d 1249, 1252 (Ala.1990).” Altadena Valley Golf & Country Club v. Blue Cross & Blue Shield of Alabama, 644 So.2d at 915.
*456 Jones’s complaint contained five counts. We shall address each count separately.
Jones first argues that the summary judgments were improperly entered on the count alleging the tort of outrage. The tort of outrage has been recognized in the workers’ compensation setting. Continental Casualty Ins. Co. v. McDonald, 567 So.2d 1208 (Ala.1990); Lowman v. Piedmont Exec. Shirt Mfg. Co., 547 So.2d 90 (Ala.1989). For conduct to give rise to liability under the tort of outrage, it must meet a certain threshold. The Alabama Supreme Court set out what constitutes outrageous conduct in American Road Service Co. v. Inmon, 394 So.2d 361, 365 (Ala.1980):
“[W]illful wrongs, or those made so recklessly as to equate willfulness, authorize recovery in damages for the mental suffering caused thereby, and we now recognize that one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from the distress. The emotional distress thereunder must be so severe that no reasonable person could be expected to endure it. Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme. Comment, Restatement [ (Second) of Torts, § 46 (1965) ], at 78. By extreme we refer to conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society. Comment (d), Restatement, supra at 72.”
The court cautioned that the tort of outrage “does not recognize recovery for mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.” Id. at 364-65.
The Alabama Supreme Court has addressed the issue whether an insurance carrier’s failure to pay bills in a timely manner constituted the tort of outrageous. conduct:
“While CNA’s records indicate an unsympathetic attitude on the part of the CNA claims adjustment agents toward the claimant, we find no evidence rising to the level of outrageous conduct. The evidence does reflect that CNA agents gave her ‘the runaround.’ Her medical bills were not timely paid, and she was sent to various doctors. The medical treatment she sought was not always authorized. However, ‘there is clearly a threshold beyond which an insurance company’s recalcitrance must go before it crosses into outrageous conduct.' [Citation omitted.] We find that the conduct in this case did not cross this threshold.”
Farley v. CNA Ins. Co., 576 So.2d 158 at 160 (Ala.1991)
However, in Continental Cas. Ins. Co. v. McDonald, 567 So.2d 1208 (Ala.1990), the Supreme Court did find evidence to support the tort of outrage. In McDonald the defendants delayed payments of bills in an obvious attempt to coerce McDonald into accepting a settlement for his future medical benefits. The delay caused McDonald, who was in constant pain, to be refused medical treatment and medication. The defendants were aware of the harm their delay was causing McDonald, and still they did not pay the outstanding bills and denied authorization of treatment that doctors deemed necessary.
In this case, the evidence shows that Crawford & Company was slow in paying numerous bills owed to various health care providers for treatment Jones required in connection with his 1983 work-related injuries. Some delinquent bills were not paid until after this action was filed. Each time Jones contacted Kruse, the adjuster, about the delinquent bills, he was assured that they would be paid. Despite Jones’s repeated efforts to have the bills paid, Crawford & Company delayed payments on several of Jones’s medical bills. Jones also presented evidence that Crawford & Company had looked into settling his claim for future medical payments, and had suggested that Jones be approached with a figure to settle the claim. Jones said he refused to discuss the offer with Crawford & Company.
There is a question whether Crawford & Company’s delay in paying Jones’s bills was unreasonable and was an attempt to coerce Jones into settling his claim for future *457 medical benefits; therefore, the outrage claim should be decided by a jury. We hold, therefore, that the tidal court improperly entered the summary judgments in favor of Crawford & Company, Kruse, and Payne as to the outrage claim.
Jones also argues that the trial court erred in entering the summary judgments as to his bad faith claim. In his original complaint, Jones alleged intentional infliction of emotional distress; then in an amended complaint, he added a count alleging bad faith. In his brief to this court, Jones seems to address both allegations as only an allegation of bad faith, and we shall do the same. The Alabama Supreme Court has held repeatedly that a bad faith claim against a workers’ compensation carrier is barred by the exclusivity provisions of the Alabama Workmen’s Compensation Act, §§ 25-5-11, -52 and -53, Ala.Code 1975. Stewart v. Matthews Indus., 644 So.2d 915 (Ala.1994); Gibson v. Southern Guaranty Ins. Co., 623 So.2d 1065 (Ala.1993); Farley v. CNA Ins. Co., 576 So.2d 158 (Ala.1991). Jones asks this court to revisit the law of bad faith. However, this court is bound to follow the decisions of the Supreme Court, and “is without authority to overrule the decisions of that court.” Jones v. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972). Therefore, we must hold that the trial court correctly entered the summary judgments in favor of Crawford & Company, Kruse, and Payne as to Jones’s bad faith claim.
Jones also claims the trial court erred in entering the summary judgments in favor of Crawford & Company, Kruse, and Payne as to the breach of agreement claim. The evidence shows that the delinquent bills all have been paid. Therefore, even if we found that Jones had standing to bring a breach of agreement claim, we would have to conclude that he has suffered no damage. It is axiomatic that damages for a breach of contract, or agreement, should return the injured party to the position he would have been in had the contract been fully performed. Garrett v. Sun Plaza Development Co., 580 So.2d 1317 (Ala.1991). The injured party is not to be put in a better position by a recovery of damages than he would have been in if there had been performance. Id. In this ease, when the bills were paid, any contract existing between the parties would have been performed. Jones has not shown he had any expenses or other damages aside from the amount of the bills. Jones is not entitled to any damages under this claim; therefore, the trial court properly granted summary judgment as to this issue.
Finally, Jones argues that the trial court erred in entering the summary judgments as to the fraud claim. The elements of fraud are: (1) a false representation; (2) of an existing fact; (3) that is justifiably relied upon; and (4) damage resulting as a proximate cause. Pinyan v. Community Bank, 644 So.2d 919 (Ala.1994); McCullough v. McAnalley, 590 So.2d 229 (Ala.1991). It is true that Kruse told Jones on several occasions that the delinquent bills were being paid, when in fact Kruse had taken no steps toward paying several of Jones’s outstanding bills. However, there is no evidence in the record that Jones relied on these misrepresentations to his detriment. Therefore, the trial court properly entered the summary judgments in favor of Crawford & Company, Kruse, and Payne as to this claim, as well.
The summary judgments were properly entered in favor of Crawford & Company, Kruse, and Payne on the claims of bad faith, breach of agreement, and fraud. The judgments of the trial court are affirmed as to those counts. However, a jury question exists as to the tort of outrage claim; therefore, we reverse the judgments of the trial court as to that count, and we remand this cause for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.